UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WAGERLOGIC LIMITED,<br><br>                                    Plaintiff,<br><br>vs.<br><br>PARAMOUNT DIGITAL ENTERTAINMENT, a division of PARAMOUNT PICTURES CORPORATION,<br><br>                      Defendant and Counter-Plaintiff,<br><br>vs.<br><br>CRYPTOLOGIC LIMITED and GAMING PORTALS LIMITED,<br><br>                      Third-Party Defendants. | Civil Action No. 11 CV 4310(BSJ)(DCF)<br><br>**STATEMENT OF WAGERLOGIC LIMITED PURSUANT TO LOCAL RULE 56.1 IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Plaintiff WagerLogic Limited ("WagerLogic") submits this statement pursuant to Civil Rule 56.1 of the Southern and Eastern Districts in support of its motion for partial summary judgment.

WagerLogic contends that the following is a statement of the material facts as to which there is no genuine issue to be tried.[1]

    1.    WagerLogic is a Cypriot corporation. Complaint ¶7. Exh. 1

    2.    Paramount is a Delaware corporation. Answer ¶2, Counterclaims par 8.[2] Exh. 2.

---

[1] Following each citation is the Exhibit number of the cited reference. These numbers refer to the Exhibits attached to the Declaration of Jeffrey E. Glen, filed in support of the Motion for Partial Summary Judgment.

[2] "Counterclaims" refer to the "Statement of Counterclaims against Wagerlogic Limited" that commences at age 6 of Paramount's "Answer, Counterclaims & Third-Party Complaint,", filed as Document 7 of the docket sheet of this action.

3. On or about December 15, 2008, WagerLogic and Paramount entered into a "Licensing Agreement" pursuant to which Paramount granted to WagerLogic the exclusive license to use intellectual property associated with twenty "existing" and six "future" Paramount motion pictures to develop online casino games based on those pictures.[3]  Complaint par. 3, Answer par. 3.  The Licensing Agreement is Exh. 4.

4. Paramount has contended that WagerLogic materially breached the Licensing Agreement by failing to make certain license fees due December 1, 2010, and certain marketing deadlines involving the Existing Pictures, and that Paramount terminated WagerLogic's licenses under the Licensing Agreement.  Counterclaims pars. 1-3.

5. On June 24, 2011, WagerLogic commenced this action against Paramount, seeking a declaration that WagerLogic had adequately cured its failure to pay the license fees alleged to be due December 1, 2010 by the payment of $500,000 on February 24, 2011, that Paramount had and has no right to terminate the License Agreement based on an alleged breach of the Existing Pictures Marketing Date, and that the Licensing Agreement was not properly terminated and remain in full force and effect.  Complaint par. 41.

6. This Court has jurisdiction over the claims of WagerLogic against Paramount, and this district is a proper venue for this action, because these parties

---

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Licensing Agreement.

-2-

submitted to the jurisdiction and venue of this Court in the Licensing Agreement. Counterclaims pars. 14, 16.

7.  Under the Licensing Agreement, WagerLogic agreed to pay Paramount an Existing Pictures License Fee of $2,000,000 in five tranches, the final tranche of which was a payment of $250,000 by December 1, 2010, and a Future Pictures Guarantee of $250,000 by December 1, 2010. Licensing Agreement, par. 7.1.

8.  WagerLogic made the first four payments required under the License Agreement timely. Counterclaims par. 35.

9.  WagerLogic did not make the fifth tranche of the Existing Pictures License Fee, or the Future Pictures Guarantee, on December 1, 2010. Counterclaims par 35.

10. After December 1, 2010, the following emails were sent from defendant to plaintiff. In none of these emails did Mr. Letitia mention either termination of the Agreement or cure of the alleged late payment.

| Sender | Recipient | Date | Citation |
|---|---|---|---|
| Luke Letizia | Steve Quintin | 01/12/11 | Counterclaims ¶39, Exh. 6 |
| Luke Letizia | Steve Quintin | 01/13/11 | Counterclaims ¶40, Exh. 11 |
| Luke Letizia | Steve Quintin | 01/19/11 | Counterclaims ¶40, Exh. 12 |
| Luke Letitia | Steve Quintin | 02/03/11 | Counterclaims ¶42, Exh. 7 |
| Luke Letitia | Steve Quintin | 02/15/11 | Counterclaims ¶44, Exh. 8. |

11. On February 23, 2011, Paramount served WagerLogic with a document captioned "Notice of Termination", in which Paramount asserted that WagerLogic had breached par. 7.1.1.1.5 of the Licensing Agreement by failing to pay the final installment of the Existing Pictures license Fee of $250,000 and breached par. 7.1.1.2 of the Licensing Agreement by failing to pay the Future Pictures Guarantee of $250,000, both of which were due on December 1, 2010. Complaint par. 22. The Feb. 23 letter is Exh. 8.

12. The February 23, 2010 "Notice of Termination" was the first document served on WagerLogic by Paramount that stated that Paramount was terminating the Licensing Agreement. Complaint par. 23.

13. On February 24, 2011, a payment of $500,000 was remitted by wire transfer from an account in Ireland to Paramount, and the payment was received by Paramount February 25, 2011. Counterclaims par. 52. This payment was made and received within the 30 day cure period provided in paragraph 15.1 of the Agreement. Complaint, par. 5.

14. Under the Licensing Agreement, WagerLogic undertook to develop at least one Casual Gambling style game, as defined in the Licensing Agreement par. 3.2.1, themed to the Property (Licensing Agreement par. 2.1) for each of 5 Existing Pictures, and to distribute, market and offer for sale a minimum of such games by December 15, 2010. Licensing Agreement par. 10.3.1, including by reference the definition of "Effective Date" set forth in the second line of page one of the Licensing Agreement.

15. By December 15, 2010, WagerLogic had distributed Licensed Games theme to only three Existing Pictures. Complaint par. 27.

16. Under paragraph 10.3 of the Agreement, defendant's sole and exclusive remedy for plaintiff's failing to meet a particular Existing Picture Marketing Date is to forfeit plaintiff's rights to use the intellectual property licensed by defendant to plaintiff regarding that particular picture.

17. The February 23, 2011 "Notice" from Paramount purported to terminate the entire Agreement because WagerLogic failed to satisfy the minimum release requirements for Licensed Games. The February 23, 2011 "Notice" also proposed certain revisions to the Licensing Agreement, contradicting defendant's assertions that the Agreement had been terminated by WagerLogic's late payment. Counterclaims par. 48.

18. On March 8, 2011, John Loughrey, the CryptoLogic General Counsel and Company Secretary, wrote to defendant explaining plaintiff's position that it had cured any alleged violation stemming from the December 1, 2010 payment date, and that defendant had no power to terminate the Licensing Agreement for a failure to comply with an Existing Pictures Marketing Date. Counterclaims ¶53. The Mar. 8 letter is Exh. 9.

19. On March 11, 2011, Mark Leiblein emailed Mr. Loughrey and David Gavagan, the Chief Executive Officer of CryptoLogic, asserting that the Agreement had been terminated. Admission in that email was sent by defendant to plaintiff. This email is the first written communication from defendant to plaintiff or to anyone within the

CryptoLogic family of companies in which defendant alleges that the January 12, 2011 email constituted "actual written notice" under the Agreement.  Exh. 10.

20. The Marketing Dates for Future Picture have not occurred and will not occur until 2014.  Agreement ¶6.2

21. Paramount is obligated to make the Future Pictures available commencing May 1, 2012, or June 3, 2012, and the license period for the Future Periods runs through the first half of 2016.  Agreement ¶6.2

Dated:  New York, New York
        November 22, 2011

                                        ANDERSON KILL & OLICK, P.C.

                                By:  _____
                                        Lawrence Kill (LK-2685)
                                        Jeffrey E. Glen (JG-8277)
                                        1251 Avenue of the Americas
                                        New York, NY  10020
                                        Tel:  212-278-1722

                                Attorneys for Plaintiff WagerLogic Limited