UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WAGERLOGIC LIMITED,<br><br>                    Plaintiff,<br><br>       vs.<br><br>PARAMOUNT DIGITAL ENTERTAINMENT, a<br>division of PARAMOUNT PICTURES<br>CORPORATION,<br><br>                    Defendant and<br>                    Counter-Plaintiff,<br><br>       vs.<br><br>CRYPTOLOGIC LIMITED and GAMING<br>PORTALS LIMITED,<br><br>                    Third-Party Defendants. | Civil Action No. 11 CV 4310<br><br>**REPLY OF WAGERLOGIC LIMITED** |

Plaintiff WagerLogic Limited ("WagerLogic") for its Reply to the

Counterclaims of Defendant Paramount Digital Entertainment, a division of Paramount

Pictures Corporation ("Paramount"), states as follows:[1]

1.      Denies the allegations of paragraph 1 of the Counterclaims, but

admits that WagerLogic and Paramount entered into a License Agreement (the

"Agreement") as defined in paragraph 3 of the Complaint, and refers the Court to the

text of that Agreement for its terms.

2.      Denies the allegations of paragraph 2 of the Counterclaims.

3.      Denies the allegations of paragraph 3 of the Counterclaims.

4.      Denies the allegations of paragraph 4 of the Counterclaims.

---

[1] The term "Counterclaim" hereinafter refers to "Paramount's Statement of Counterclaims against
WagerLogic Limited and Third-Party Complaint against Cryptologic Limited and Gaming Portals Limited",
contained on pages 6 and following of the pleading filed in this action on 10/18/11 as "Document 7" on the
docket sheet.

5.     Denies the allegations of paragraph 5 of the Counterclaims, but admits that WagerLogic has continued to publicly distribute the games it created and distributes pursuant to the Agreement.

6.     Denies the allegations of paragraph 6 of the Counterclaims.

7.     Denies the allegations of paragraph 7 of the Counterclaims.

8.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Counterclaims.

9.     Admits the allegations of paragraph 9 of the Counterclaims, with the correction that the current address for notices of WagerLogic is "WagerLogic Ltd c/o CryptoLogic Ltd.," at the street and city address stated in this paragraph of the Counterclaims.

10.     Admits the allegations of paragraph 10 of the Counterclaims, but notes that the address alleged is its "principal", not "principle", place of business.

11.     Admits the allegations of paragraph 11 of the Counterclaims, but notes that the address alleged is its "principal", not "principle", place of business.

12.     Admits that the Court has the alleged jurisdiction over WagerLogic.

13.     Denies that this matter presents a federal question, and therefore denies the allegations of paragraph 13 of the Counterclaims.

14.     Admits that WagerLogic consented to the jurisdiction of this Court as alleged in paragraph 14 of the Counterclaims, and respectfully refers the Court to the response of third-party defendant Cryptologic regarding the remaining allegations of this paragraph.

2

15.     Admits that this Court has personal jurisdiction over WagerLogic as alleged in paragraph 15 of the Counterclaims, and respectfully refers the Court to the responses of third-party defendants Cryptologic and Gaming Portals regarding the remaining allegations of this paragraph.

16.     Admits that venue is proper in this Court over WagerLogic as alleged in paragraph 16 of the Counterclaims, and respectfully refers the Court to the responses of third-party defendants Cryptologic and Gaming Portals regarding the remaining allegations of this paragraph.

17.     As paragraph 17 of the Counterclaims purports to state propositions of law, no responsive pleading is required.

18.     Admits the allegations of paragraph 18 of the Counterclaims.

19.     Admits that in the Agreement Paramount granted an exclusive license to WagerLogic to exploit certain motion pictures, refers the Court to the text of the Agreement for its terms, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the final sentence of paragraph 19 of the Counterclaims, and otherwise denies the allegations of paragraph 19 of the Counterclaims.

20.     Admits that the Agreement contains provisions relating to creation, marketing and distribution of "Licensed Games," refers the Court to the text of the Agreement for its terms, and otherwise denies the allegations of paragraph 20 of the Counterclaims.

3

21.     Admits that the Agreement contains provisions relating to payments, refers the Court to the text of the Agreement for its terms, and otherwise denies the allegations of paragraph 21 of the Counterclaims.

22.     Admits that the Agreement contains provisions regarding "Marketing Dates", refers the Court to the text of the Agreement for its terms, and otherwise denies the allegations of paragraph 22 of the Counterclaims.

23.     Admits the allegations of paragraph 23 of the Counterclaims.

24.     Admits that the Agreement contains provisions regarding assignment, refers the Court to the text of the Agreement for its terms, and otherwise denies the allegations of paragraph 24 of the Counterclaims.

25.     Admits the allegations of paragraph 25 of the Counterclaims.

26.     Admits the allegations of paragraph 26 of the Counterclaims.

27.     Admits that Cryptologic executed a Guaranty of the "full and timely performance of all obligations of WagerLogic under the terms and conditions of the License Agreement," and otherwise denies the allegations of paragraph 27 of the Counterclaims.

28.     Denies the allegations of paragraph 28 of the Counterclaims.

29.     Admits that as of September 2010, WagerLogic had released and distributed three Licensed Games themed to Paramount Motion Picture properties on the internet, and otherwise denies the allegations of paragraph 29 of the Counterclaims.

30.     Denies the allegations of paragraph 30 of the Counterclaims.

31.     Denies the allegations of paragraph 31 of the Counterclaims.

32.     Denies the allegations of paragraph 32 of the Counterclaims.

4

33.     Denies knowledge or information sufficient to form a belief as to the allegation that Paramount invoiced WagerLogic for payments well in advance of December 1, 2010, and otherwise denies the allegations of paragraph 33 of the Counterclaims.

34.     Denies the allegations of paragraph 34 of the Counterclaims.

35.     Admits that WagerLogic did not make the payments which are alleged by Paramount in paragraph 35 of the Complaint to have been due by December 1, 2010, for license fees for Existing Motion Pictures and rights to Future Motion Picture properties, on or before December 1, 2010, and otherwise denies the allegations of paragraph 35 of the Counterclaims.

36.     Admits that Cryptologic received an email from one Marvin Neil on December 15, 2010, refers the Court to the text of that email for the contents thereof, denies knowledge or information sufficient to form a belief as to Mr. Neil's "perplexity," and otherwise denies the allegations of paragraph 36 of the Counterclaims.

37.     Denies the allegations of paragraph 37 of the Counterclaims.

38.     Denies the allegations of paragraph 38 of the Counterclaims.

39.     Denies that, as alleged in paragraph 39 of the Counterclaims, Steve Quintin was "CryptoLogic's Director of Project Management" in January 2011, states affirmatively that Mr. Quintin was employed in January 2011 by CryptoLogic Inc., a Canadian subsidiary of CryptoLogic Ltd., admits that Mr. Quintin received an email from Luke Letizia on January 12, 2011, and refers the Court to the text of that email for the contents thereof.

5

40.    Admits that Mr. Quintin received emails from Letizia on January 13 and January 19, states affirmatively that Mr. Quintin responded by emails dated January 13 and January 20, 2011, refers the Court to the text of those emails for the contents thereof, and otherwise denies the allegations of paragraph 40 of the Counterclaims.

41.    Admits that a meeting occurred in London on January 26, 2011, attended by Mr. Letizia, Mr. Neil, Mr. Quintin, and Ian Price, states affirmatively that the subjects discussed at that meeting were the development of the Future Pictures and possible alterations in some of the terms of the licensing agreement as it applied to the development of some of the Existing Pictures, and otherwise denies the allegations of paragraph 41 of the Counterclaims.

42.    Admits that Mr. Quintin received an email from Mr. Letizia on February 3, 2010, refers the Court to the text of that email for the contents thereof, and otherwise denies the allegations of paragraph 42 of the Counterclaims.

43.    Admits that there was an exchange of emails between Mr. Letizia and Mr. Quintin on February 9 and 11, 2011, refers the Court to the text of those emails for the contents thereof, and otherwise denies the allegations of paragraph 43 of the Counterclaims.

44.    Admits that on February 15, 2011, Mr. Quintin sent an email to Mr. Letizia, denies that the email was in response to an email sent by Mr. Letitzia to Mr. Quintin also on February 15, states affirmatively that Mr. Letitzia's email was sent to Mr. Quintin more than three hours after Mr. Quintin's email to Mr. Letitzia, refers to the Court to the text of those emails for the contents thereof, admits that Mr. Letizia in his email informed WagerLogic that Paramount can give WagerLogic 24 more hours before

6

sending out the termination letter,  and otherwise denies the allegations of paragraph 44 of the Counterclaims.

45.     Denies the allegations of paragraph 45 of the Counterclaims.

46.     Denies the allegations of paragraph 46 of the Counterclaims.

47.     Admits that by February 23, 2011, Wagerlogic had not released any additional Licensed Games themed to the Paramount properties, and by February 23, 2011 had not presented to Paramount any approval candidates for additional games, and otherwise denies the allegations of paragraph 47 of the Counterclaims.

48.     Denies the allegations of paragraph 48 of the Counterclaims.

49.     Denies the allegations of paragraph 49 of the Counterclaims.

50.     Admits that WagerLogic has continued to publicly distribute three Licensed Games themed to Paramount's Motion Picture properties on the internet, and otherwise denies the allegations of paragraph 50 of the Counterclaims.

51.     Denies the allegations of paragraph 51 of the Counterclaims.

52.     Admits that on February 25, 2011, WagerLogic, using an account maintained in the name of its sister company Gaming Portals, Ltd., caused $500,000 to be sent to Paramount, which funds were received by Paramount that day, and otherwise denies the allegations of paragraph 52 of the Counterclaims.

53.     Admits that WagerLogic sent a letter dated March 8, 2011 to Paramount in which, *inter alia*, WagerLogic specifically denied that it had ever received a notice of breach prior to the notice of termination, and in any event timely cured any alleged breach, refers the Court to the text of that letter for the contents thereof, and otherwise denies the allegations of paragraph 53 of the Counterclaims.

7

54.     Admits that WagerLogic sent a letter dated March 8, 2011 to Paramount in which, *inter alia*, WagerLogic specifically denied that it had ever received a notice of breach prior to the notice of termination, and in any event timely cured any alleged breach, refers the Court to the text of that letter for the contents thereof, and otherwise denies the allegations of paragraph 54 of the Counterclaims.

55.     Admits that WagerLogic sent a letter dated March 8, 2011 to Paramount in which, *inter alia*, WagerLogic specifically denied that it had ever received a notice of breach prior to the notice of termination, and in any event timely cured any alleged breach, refers the Court to the text of that letter for the contents thereof, and otherwise denies the allegations of paragraph 55 of the Counterclaims.

56.     Admits that WagerLogic sent a letter dated March 8, 2011 to Paramount in which, *inter alia*, WagerLogic specifically denied that it had ever received a notice of breach prior to the notice of termination, refers the Court to the text of that letter for the contents thereof, and otherwise denies the allegations of paragraph 56 of the Counterclaims.

57.     Denies the allegations of paragraph 57 of the Counterclaims.

58.     Admits that the Agreement contains provisions regarding assignment, refers the Court to the text of the Agreement for its terms, and otherwise denies the allegations of paragraph 58 of the Counterclaims.

59.     Denies the allegations of paragraph 59 of the Counterclaims, and states affirmatively that WagerLogic did not assign its rights and obligations under the Agreement to Gaming Portals.

8

60.     Admits that in June of 2010 Cryptologic prepared an announcement stating *inter alia* that "WagerLogic Limited is changed to Gaming Portals Limited," refers the Court to the text of that email for the contents thereof, denies knowledge or information sufficient to admit or deny that this announcement was sent to Mr. Letizia or Mr. Neil,  specifically denies that the announcement  constitutes a "unilateral declaration of transfer", and otherwise denies the allegations of paragraph 60 of the Counterclaims.

61.     Denies that there was any "unilateral transfer", and thus denies the allegations of paragraph 61 of the Counterclaims.

62.     Admits the allegations of paragraph 62 of the Counterclaims, except denies there was any transfer and/or delegation to Gaming Portals.

63.     Admits the allegations of paragraph 63 of the Counterclaims, except denies there was any transfer and/or delegation to Gaming Portals.

64.     Denies the allegations of paragraph 64 of the Counterclaims.

65.     Admits that on February 25, 2011, WagerLogic, using an account maintained in the name of its sister company Gaming Portals, Ltd., caused $500,000 to be sent to Paramount, and otherwise denies the allegations of paragraph 65 of the Counterclaims.

66.     Denies the allegations of paragraph 66 of the Counterclaims.

67.     Denies the allegations of paragraph 67 of the Counterclaims.

68.     Admits the allegations of paragraph 68 of the Counterclaims.

69.     Admits that Gaming Portals is a duly registered legal entity and otherwise denies the allegations of paragraph 69 of the Counterclaims

9

70.     Admits that Paramount issued a purported Notice of Termination of the Agreement by letter dated August 17, 2011, refers to the Court to the text of that letter for the contents thereof, and otherwise denies the allegations of paragraph 70 of the Counterclaims.

71.     Admits that WagerLogic responded to the purported Notice of Termination by letter dated August 25, 2011, in which WagerLogic denied that there had been any assignment of rights and obligations under the Agreement refers to the Court to the text of that letter for the contents thereof, and otherwise denies the allegations of paragraph 71 of the Counterclaims.

72.     Admits that WagerLogic responded to the purported Notice of Termination by letter dated August 25, 2011, in which WagerLogic denied that there had been any assignment of rights and obligations under the Agreement, refers to the Court to the text of that letter for the contents thereof, notes that what a letter "did not mention" is not a proper pleading to which any response is required and otherwise denies the allegations of paragraph 72 of the Counterclaims.

73.     Admits that WagerLogic responded to the purported Notice of Termination by letter dated August 25, 2011, in which WagerLogic denied that there had been any assignment of rights and obligations under the Agreement, refers to the Court to the text of that letter for the contents thereof, notes that what a letter "did not mention" is not a proper pleading to which any response is required and otherwise denies the allegations of paragraph 73 of the Counterclaims.

74.     Admits, as alleged at paragraph 74 of the Counterclaims that Paramount was served with the Complaint on September 29, 2011, after Paramount's

10

attorney reneged on an agreement to accept service shortly after the action was commenced.

75.     Admits that the complaint was filed, and thus the action was commenced, June 24, 2011, admits that Paramount's counsel was provided with a full and complete copy of the complaint together with certain additions on or about June 24, 2011, admits that Paramount's counsel opposed the filing of this full and complete complaint with additions, admits that permission to file the full and complete complaint with additions under seal was denied by the Court, and otherwise denies the allegations of paragraph 75 of the Counterclaim.

76.     As the allegations of paragraph 76 of the Counterclaims are addressed solely to third-party defendant CryptoLogic, WagerLogic declines to respond to these allegations and respectfully refers the Court to the response of third-party defendant Cryptologic regarding the allegations of this paragraph.

77.     As the allegations of paragraph 77 of the Counterclaims are addressed solely to third-party defendant CryptoLogic, WagerLogic declines to respond to these allegations and respectfully refers the Court to the response of third-party defendant Cryptologic regarding the allegations of this paragraph.

78.     As the allegations of paragraph 78 of the Counterclaims are addressed solely to third-party defendant CryptoLogic, WagerLogic declines to respond to these allegations and respectfully refers the Court to the response of third-party defendant Cryptologic regarding the allegations of this paragraph.

79.     As the allegations of paragraph 79 of the Counterclaims are addressed solely to third-party defendant CryptoLogic, WagerLogic declines to respond

11

to these allegations and respectfully refers the Court to the response of third-party defendant Cryptoogic regarding the allegations of this paragraph.

80. Denies the allegations of paragraph 80 of the Counterclaims.

81. WagerLogic repeats and realleges the foregoing admissions and denials as if fully restated herein.

82. Admits the allegations of paragraph 82 of the Counterclaims.

83. Admits the allegations of paragraph 83 of the Counterclaims.

84. Denies the allegations of paragraph 84 of the Counterclaims.

85. Admits that the Agreement contains provisions relating to payments, refers the Court to the text of the Agreement for its terms, and otherwise denies the allegations of paragraph 85 of the Counterclaims.

86. Denies the allegations of paragraph 86 of the Counterclaims.

87. Admits that the Agreement contains provisions relating to creation, marketing and distribution of "Licensed Games," refers the Court to the text of the Agreement for its terms, and otherwise denies the allegations of paragraph 87 of the Counterclaims.

88. Admits the allegations of paragraph 88 of the Counterclaims.

89. Denies the allegations of paragraph 89 of the Counterclaims.

90. Denies the allegations of paragraph 90 of the Counterclaims.

91. Admits the allegations of the first sentence of paragraph 91, and denies the allegations of the second sentence of paragraph 91 of the Counterclaims.

92. Denies the allegations of paragraph 92 of the Counterclaims.

93. Denies the allegations of paragraph 93 of the Counterclaims.

12

94.     WagerLogic repeats and realleges the foregoing admissions and denials as if fully restated herein.

95.     Denies the allegations of paragraph 95 of the Counterclaims.

96.     Admits that the License Agreement is in full force and effect, that the Licensed Games continue to be publicly distributed on the internet, and otherwise denies the allegations of paragraph 96 of the Counterclaims.

97.     Admits that there is a substantial controversy between the parties concerning the purported termination of the Agreement, and otherwise denies the allegations of paragraph 97 of the Counterclaims.

98.     Admits that this controversy is of a substantial nature, and otherwise denies the allegations of paragraph 98 of the Counterclaims.

99.     Admits that the Agreement contains a Section 16, refers the Court to the text of the Agreement for its terms, and otherwise denies the allegations of paragraph 99 of the Counterclaims.

100.    Admit that Paramount seeks a declaratory judgment in the terms stated in paragraph 100 of the Counterclaims, and otherwise denies the allegations of that paragraph.

101.    WagerLogic repeats and realleges the foregoing admissions and denials as if fully restated herein.

102.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 102 of the Counterclaims.

103.    Denies the allegations of paragraph 103 of the Counterclaims.

13

104.    Admits that the Licensed Games continue to be publicly distributed on the internet, and otherwise denies the allegations of paragraph 104 of the Counterclaims.

105.    Admits the allegations of paragraph 105 of the Counterclaims.

106.    Denies the allegations of paragraph 106 of the Counterclaims.

107.    Denies the allegations of paragraph 107 of the Counterclaims.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

108.    Paramount's counterclaims are barred, in whole or in part, by the doctrines of estoppel and waiver.

### Second Affirmative Defense

109.    Paramount's counterclaims are barred because its own acts and omissions caused the alleged injury and damages complained of in its Counterclaims.

### Third Affirmative Defense

110.    Paramount's claims arising out of its claimed terminations of the Agreement are barred by the doctrine of ratification.

### Fourth Affirmative Defense

111.    Paramount's claims arising out of its allegations that the Agreement was assigned to Gaming Portals are barred by the doctrines of laches.

### Fifth Affirmative Defense

112.    Paramount fails to state a cause of action for money damages because it has been paid in full to date under the Agreement, and since WagerLogic has fully performed its obligations under the Agreement Paramount has suffered no monetary loss.

14

## Sixth Affirmative Defense

113.    Paramount has breached the Agreement by erroneously purporting to terminate the agreement, by not extending full good faith cooperation and assistance as required under the Agreement and by engaging in discussions or negotiations with, or entering into an understanding with a third party concerning the future pictures referenced in the Agreement".

## Seventh Affirmative Defense

114.    On information and belief, prior to entering into the Agreement, Paramount had licensed the rights to develop and distribute Casual Gambling style games themed to one or more of the Future Pictures to a rival of WagerLogic in the internet gaming business.  Such film or films had been licensed to the rival of WagerLogic previously, but such license or licenses were scheduled to terminate on or before May 1, 2012, on which date the Future Pictures became subject to the Agreement pursuant to paragraph 6.2 thereof.

115.    On information and belief, in January or very early in February of 2011, Paramount  signed an extension of the license or licenses referred to in the previous paragraph beyond May 2011, in violation of the exclusive license that Paramount had granted to WagerLogic,

116    Such extension constituted an anticipatory breach of the Agreement since under the Agreement WagerLogic had exclusive rights to those Future Pictures.

117.    By purporting to extend the rival's license regarding the Future Pictures, or entering into agreements contemplating the extension of the rival's license

15

regarding the Future Pictures, into the period covered by WagerLogic's license,

Paramount breached its duty of good faith and fair dealing implied into the Agreement.

118. By breaching its duty of good faith and fair dealing, Paramount

became estopped to seek to terminate the Agreement until the completion of the license

period related to the Future Pictures.

**WHEREFORE**, WagerLogic demands that the relief requested in its

complaint be granted, that the claims contained in the Counterclaims be dismissed, that

WagerLogic be awarded damages and appropriate injunctive relief arising out of

Paramount's breach of its contractual obligations, and that this Court grant such

additional relief as it deems just and proper.

Dated:    November 22, 2011

By: _____

Lawrence Kill (LK 2685)
Jeffrey E. Glen (JG8277)

Anderson Kill & Olick, P.C.
1251 Avenue of the Americas
New York, NY  10020
Telephone:  212-278-1000

Attorneys for Plaintiff WagerLogic Limited

16