UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WAGERLOGIC LIMITED,<br><br>                            Plaintiff,<br><br>vs.<br><br>PARAMOUNT DIGITAL ENTERTAINMENT, a division of PARAMOUNT PICTURES CORPORATION,<br><br>                     Defendant and<br>                     Counter-Plaintiff,<br><br>vs.<br><br>CRYPTOLOGIC LIMITED and GAMING PORTALS LIMITED,<br><br>                     Third-Party Defendants. | Civil Action No. 11 CV 4310(BSJ)(DCF)<br><br>**ANSWER OF**<br>**GAMING PORTALS LIMITED** |

Third-party Defendant Gaming Portals Limited ("GP") for its Answer to the Third Party Complaint ("TPC") of Defendant Paramount Digital Entertainment, a division of Paramount Pictures Corporation ("Paramount"), states as follows:[1]

1.    Denies the allegations of paragraph 1 of the TPC, but admits that WagerLogic Ltd. ("WagerLogic"), which is a wholly owned subsidiary of CryptoLogic Limited ("CryptoLogic"), and Paramount entered into a License Agreement (the "Agreement") as defined in paragraph 3 of the Complaint, and refers the Court to the text of that Agreement for its terms.

2.    Admits that CryptoLogic provided a Guaranty to Paramount in connection with the Agreement (the "Guaranty"), which Guaranty constitutes Exhibit D to the Agreement, refers the Court to the text of the Guaranty for its terms, and denies the remaining allegations of paragraph 2 of the TPC.

---

[1] The term "TPC" hereinafter refers to "Paramount's Statement of Counterclaims against WagerLogic Limited and Third-Party Complaint against Cryptologic Limited and Gaming Portals Limited", contained on page 6 and following of the pleading filed in this action on 10/18/11 as "Document 7" on the docket sheet.

nydocs1-979187.1

3.  Denies the allegations of paragraph 3 of the TPC.

4.  Denies the allegations of paragraph 4 of the TPC.

5.  Denies the allegations of paragraph 5 of the TPC, but admits that Licensed Games have been created and distributed pursuant to the Agreement.

6.  Denies the allegations of paragraph 6 of the TPC.

7.  Denies the allegations of paragraph 7 of the TPC.

8.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the TPC.

9.  Admits the allegations of paragraph 9 of the Counterclaims, with the correction that the current address for notices of WagerLogic is "WagerLogic Ltd c/o CryptoLogic Ltd.," at the street and city address stated in this paragraph of the TPC.

10. Admits the allegations of paragraph 10 of the TPC, but notes that the address alleged is its "principal", not "principle", place of business.

11. Admits the allegations of paragraph 11 of the TPC, but notes that the address alleged is its "principal", not "principle", place of business.

12. Denies, in response to paragraph 12 of the TPC, that this Court has jurisdiction over GP, a corporation that does no business in the United States, pursuant to 28 U.S.C. section 1332(a), admits that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and respectfully refers the Court to the reply of WagerLogic and the answer of Cryptologic regarding the remaining allegations of this paragraph.

13. Denies that this matter presents a federal question, and therefore denies the allegations of paragraph 13 of the TPC.

2

14. As this paragraph does not refer to GP, GP respectfully refers the Court to the reply of plaintiff WagerLogic and the answer of CryptoLogic regarding the allegations of paragraph 14 of the TPC.

15. Denies that this Court has personal jurisdiction over GP pursuant to N.Y. CPLR sections 301 and 302, and respectfully refers the Court to the reply of plaintiff WagerLogic Ltd., and to the answer of CryptoLogic regarding the remaining allegations of paragraph 15 of the TPC.

16. Denies the allegations of paragraph 16 of the TPC as they refer to GP, and respectfully refers the Court to the reply of plaintiff WagerLogic, and to the answer of CryptoLogic regarding the remaining allegations of this paragraph.

17. As paragraph 17 purports to state propositions of law, no responsive pleading is required.

18. On information and belief, admits the allegations of paragraph 18 of the TPC.

19. Admits that in the Agreement Paramount granted an exclusive license to WagerLogic to exploit certain motion pictures, refers the Court to the text of the Agreement for its terms, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the final sentence of paragraph 19 of the TPC, and otherwise denies the allegations of paragraph 19 of the TPC.

20. Admits that the Agreement contains provisions relating to creation, marketing and distribution of "Licensed Games," refers the Court to the text of the Agreement for its terms, and otherwise denies the allegations of paragraph 20 of the TPC.

21. Admits that the Agreement contains provisions relating to payments, refers the Court to the text of the Agreement for its terms, and otherwise denies the allegations of paragraph 21 of the TPC.

22. Admits that the Agreement contains provisions regarding "Marketing Dates", refers the Court to the text of the Agreement for its terms, and otherwise denies the allegations of paragraph 22 of the TPC.

23. Admits the allegations of paragraph 23 of the TPC.

24. Admits that the Agreement contains provisions in Section 18.1 thereof, refers the Court to the text of the Agreement for its terms, and otherwise denies the allegations of paragraph 24 of the TPC.

25. Admits the allegations of paragraph 25 of the TPC.

26. Admits that the Agreement contains provisions in Section 25 regarding costs and expenses in thereof, refers the Court to the text of the Agreement for its terms, and otherwise denies the allegations of paragraph 26 of the TPC.

27. Admits that Cryptologic executed a Guaranty of the "full and timely performance of all of the obligations of WagerLogic under the terms and conditions of the License Agreement," admits that WagerLogic is a subsidiary of CryptoLogic, and otherwise denies the allegations of paragraph 27 of the TPC.

28. Denies the allegations of paragraph 28 of the TPC.

29. Admits that as of September 2010, three Licensed Games themed to Paramount Motion Picture properties had been released on the internet, and otherwise denies the allegations of paragraph 29 of the TPC.

30. Denies, on information and belief, the allegations of paragraph 30 of the TPC.

31. Denies, on information and belief, the allegations of paragraph 31 of the TPC.

32. Denies, on information and belief, the allegations of paragraph 32 of the TPC.

33. Denies knowledge or information sufficient to form a belief as to the allegation that Paramount invoiced WagerLogic for payments well in advance of December 1, 2010, and otherwise denies the allegations of paragraph 33 of the TPC.

34. Denies, on information and belief, the allegations of paragraph 34 of the TPC.

35. Admits, on information and belief, that neither WagerLogic nor CryptoLogic made the payments which are alleged by Paramount in paragraph 35 of the TPC to have been due by December 1, 2010, for license fees for Existing Pictures and rights to Future Motion Picture properties, on or before December 1, 2010, and otherwise denies the allegations of paragraph 35 of the Counterclaims.

36. Admits, on information and belief, that Steve Quintin, an employee of CryptoLogic Inc., received an email from one Marvin Neil on December 15, 2010, refers the Court to the text of that email for the contents thereof, denies knowledge or information sufficient to form a belief as to Mr. Neil's "perplexity," and otherwise denies the allegations of paragraph 36 of the TPC.

37. Denies the allegations of paragraph 37 of the TPC.

38. Denies, on information and belief, the allegations of paragraph 38 of the TPC.

39. On information and belief, denies that, as alleged in paragraph 39 of the TPC, Steve Quintin was "CryptoLogic's Director of Project Management" in January 2011, states that Mr. Quintin was employed in January 2011 by CryptoLogic Inc., a Canadian subsidiary of CryptoLogic Ltd., admits that Mr. Quintin received an email from

Luke Letizia on January 12, 2011, and refers the Court to the text of that email for the contents thereof.

40. On information and belief, admits that Mr. Quintin received emails from Letizia on January 13 and January 19, states affirmatively that Mr. Quintin responded by emails dated January 13 and January 20, 2011, refers the Court to the text of those emails for the contents thereof, and otherwise denies the allegations of paragraph 40 of the TPC.

41. On information and belief, admits that a meeting occurred in London on January 26, 2011, attended by Messrs. Letizia, Neil, Quintin, and Mr. Ian Price, states affirmatively that the subjects discussed at that meeting were the development of the Future Pictures and possible alterations in some of the terms of the licensing agreement as it applied to the development of some of the Existing Pictures, and otherwise denies the allegations of paragraph 41 of the TPC.

42. On information and belief, admits that Mr. Quintin received an email from Mr. Letizia on February 3, 2010, refers the Court to the text of that email for the contents thereof, and otherwise denies the allegations of paragraph 42 of the TPC.

43. On information and belief, admits that there was an exchange of emails between Mr. Letizia and Mr. Quintin on February 9 and 11, 2011, refers the Court to the text of those emails for the contents thereof, and otherwise denies the allegations of paragraph 43 of the TPC.

44. On information and belief, admits that on February 15, 2011, Mr. Quintin sent an email to Mr. Letizia, denies that the email was in response to an email sent by Mr. Letitzia to Mr. Quintin also on February 15, states affirmatively that Mr. Letitzia's

email was sent to Mr. Quintin more than three hours after Mr. Quintin's email to Mr. Letitzia, refers to the Court to the text of those emails for the contents thereof, admits that Mr. Letizia in his email informed WagerLogic that Paramount can give WagerLogic 24 more hours before sending out the termination letter, and otherwise denies the allegations of paragraph 44 of the TPC.

45.   Denies, on information and belief, the allegations of paragraph 45 of the TPC.

46.   Denies, on information and belief, the allegations of paragraph 46 of the TPC.

47.   On information and belief, admits that by February 23, 2011, neither WagerLogic nor CryptoLogic had released any additional Licensed Games themed to the Paramount properties, or presented for approval any candidates for additional games, and otherwise denies the allegations of paragraph 47 of the TPC.

48.   Denies the allegations of paragraph 48 of the TPC.

49.   Denies the allegations of paragraph 49 of the TPC.

50.   Admits that three Licensed Games themed to Paramount's Motion Picture properties continue to be distributed on the internet, and otherwise denies the allegations of paragraph 50 of the TPC.

51.   Denies the allegations of paragraph 51 of the TPC.

52.   Admits that on February 24, 2011, a payment of $500,000 was sent to Paramount from an account maintained in the name of GP, admits on information and belief that the funds were received by Paramount February 25, 2011, and otherwise denies the allegations of paragraph 52 of the TPC.

53.   Admits, on information and belief, that WagerLogic sent a letter dated March 8, 2011 to Paramount in which, *inter alia*, WagerLogic specifically denied that it

had ever received a notice of breach prior to the notice of termination, and in any event timely cured any alleged breach, refers the Court to the text of that letter for the contents thereof, and otherwise denies the allegations of paragraph 53 of the TPC.

54. Admits, on information and belief, that WagerLogic sent a letter dated March 8, 2011 to Paramount in which, *inter alia*, WagerLogic specifically denied that it had ever received a notice of breach prior to the notice of termination, and in any event timely cured any alleged breach, refers the Court to the text of that letter for the contents thereof, and otherwise denies the allegations of paragraph 54 of the TPC.

55. Admits, on information and belief, that WagerLogic sent a letter dated March 8, 2011 to Paramount in which, *inter alia*, WagerLogic specifically denied that it had ever received a notice of breach prior to the notice of termination, and in any event timely cured any alleged breach, refers the Court to the text of that letter for the contents thereof, and otherwise denies the allegations of paragraph 55 of the TPC.

56. Admits, on information and belief, that WagerLogic sent a letter dated March 8, 2011 to Paramount in which, *inter alia*, WagerLogic specifically denied that it had ever received a notice of breach prior to the notice of termination, and in any event timely cured any alleged breach, refers the Court to the text of that letter for the contents thereof, and otherwise denies the allegations of paragraph 56 of the TPC.

57. Denies the allegations of paragraph 57 of the TPC.

58. Admits that the Agreement contains provisions in Section 18.1 thereof, refers the Court to the text of the Agreement for its terms, and otherwise denies the allegations of paragraph 58 of the TPC.

8

nydocs1-979187.1

59.     Denies the allegations of paragraph 59 of the TPC, and states affirmatively that WagerLogic did not assign, transfer in delegate its rights and obligations under the Agreement to GP in violation of the Agreement.

60.     Admits that in June of 2010 Cryptologic prepared an announcement stating *inter alia* that "WagerLogic Limited is changed to Gaming Portals Limited," refers the Court to the text of that email for the contents thereof, denies knowledge or information sufficient to admit or deny that this announcement was sent to Mr. Letizia or Mr. Neil, specifically denies that the announcement constitutes a "unilateral declaration of transfer" in violation of the Agreement, and otherwise denies the allegations of paragraph 60 of the TPC.

61.     Denies that there was any "unilateral transfer" in violation of the Agreement, and thus denies the allegations of paragraph 61 of the TPC.

62.     Admits, on information and belief, the allegations of paragraph 62 of the TPC, except denies there was any assignment, transfer and/or delegation of obligations to GP in violation of the Agreement.

63.     Admits, on information and belief, the allegations of paragraph 63 of the TPC, except denies there was any transfer of rights and obligations in violation of the Agreement.

64.     Denies the allegations of paragraph 64 of the TPC.

65.     Admits that on February 24, 2011, a payment of $500,000 was sent to Paramount from an account maintained in the name of GP, admits on information and belief that the funds were received by Paramount on February 25, 2011, and otherwise denies the allegations of paragraph 65 of the TPC.

9

66.    Denies the allegations of paragraph 66 of the TPC.

67.    Denies the allegations of paragraph 67 of the TPC.

68.    Admits the allegations of paragraph 68 of the TPC.

69.    Admits that Gaming Portals is a duly registered legal entity and otherwise denies the allegations of paragraph 69 of the TPC.

70.    Admits, on information and belief, that Paramount sent a letter dated August 17, 2011 to WagerLogic, refers to the Court to the text of that letter for the contents thereof, and otherwise denies the allegations of paragraph 70 of the TPC.

71.    Admits, on information and belief, that CryptoLogic responded to the letter of August 17, 2011, by letter dated August 25, 2011, in which it denied that there had been any assignment of rights and obligations in violation of the Agreement, refers the Court to the text of that letter for the contents thereof, and otherwise denies the allegations of paragraph 71 of the TPC.

72.    Admits, on information and belief, that CryptoLogic responded to the letter of August 17, 2011, by letter dated August 25, 2011, in which it denied that there had been any assignment of rights and obligations in violation of the Agreement, refers the Court to the text of that letter for the contents thereof, notes that what a letter "did not mention" is not a proper pleading to which any response is required and otherwise denies the allegations of paragraph 72 of the TPC.

73.    Admits, on information and belief, that CryptoLogic responded to the purported Notice of Termination by letter dated August 25, 2011, in which it denied that there had been any assignment of rights and obligations in violation of the Agreement, refers the Court to the text of that letter for the contents thereof, notes that what a letter

"did not mention" is not a proper pleading to which any response is required and otherwise denies the allegations of paragraph 73 of the TPC.

74.     Admits, on information and belief, as alleged at paragraph 74 of the TPC that Paramount was served with the Complaint on September 29, 2011, after Paramount's attorney reneged on an agreement to accept service shortly after the action was commenced.

75.     Admits, on information and belief, that the complaint was filed, and thus the action was commenced, June 24, 2011, admits that Paramount's counsel was provided with a full and complete copy of the complaint together with certain additions on or about June 24, 2011, admits that Paramount's counsel opposed the filing of the full and complete complaint with additions, admits that permission to file the full and complete complaint with additions under seal was denied by the Court, and otherwise denies the allegations of paragraph 75 of the TPC.

76.     GP has no information or belief as to the allegations of paragraph 76 of the TPC, which are so vague and unintelligible as to be meaningless, and thus GP denies these allegations.

77.     GP has no information or belief as to the allegations of paragraph 77 of the TPC, and therefore is unable to either admit or deny these allegations.

78.     GP has no information or belief as to the allegations of paragraph 78 of the TPC, and therefore is unable to either admit or deny these allegations.

79.     GP has no information or belief as to the allegations of paragraph 79 of the TPC, which are so vague and unintelligible as to be meaningless, and thus GP denies these allegations.

11

80. Denies the allegations of paragraph 80 of the TPC.

81. -93. As the allegations of paragraphs 81 – 93 of the TPC are directed solely against plaintiff WagerLogic, GP declines to respond to those allegations and respectfully refers the Court to the reply of plaintiff WagerLogic regarding the allegations of these paragraphs.

94. GP repeats and realleges the foregoing admissions and denials as if fully restated herein.

95. Denies the allegations of paragraph 95 of the TPC.

96. Admits that the License Agreement is in full force and effect, and that the Licensed Games continue to be distributed on the internet, and otherwise denies the allegations of paragraph 96 of the TPC.

97. As the allegations of paragraph 97 of the TPC are addressed solely to plaintiff WagerLogic, GP declines to respond to these allegations and respectfully refers the Court to the reply of plaintiff WagerLogic regarding the allegations of this paragraph.

98. Admits that this controversy is of a substantial nature, and otherwise denies the allegations of paragraph 98 of the TPC.

99. As the allegations of paragraph 99 of the TPC are addressed solely to plaintiff WagerLogic, GP declines to respond to these allegations and respectfully refers the Court to the reply of plaintiff WagerLogic regarding the allegations of this paragraph.

100. Admits that Paramount seeks a declaratory judgment as stated in paragraph 100 of the TPC, and otherwise denies the allegations of this paragraph.

101. GP repeats and realleges the foregoing admissions and denials as if fully restated herein.

102. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 102 of the TPC.

103. Denies the allegations of paragraph 103 of the TPC.

104. Admits that the Licensed Games continue to be publicly distributed on the internet, and otherwise denies the allegations of paragraph 104 of the TPC.

105. Admits that GP was not a named party to the License Agreement, and denies the remaining allegations of paragraph 105 of the TPC.

106. Denies the allegations of paragraph 106 of the TPC.

107. Denies the allegations of paragraph 107 of the TPC.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

108. This Court lacks personal jurisdiction over GP.

### Second Affirmative Defense

109. Paramount's claim of termination based on an alleged violation of section 18.1 of the Agreement was untimely, was contrary to the course of conduct of the parties, and was made only after the complaint herein was filed and more than one year after Paramount states that it received information of an alleged transfer of rights and obligations to GP. Thus, Paramount's claims are barred, in whole or in part, by the doctrines of estoppel and waiver.

### Third Affirmative Defense

110. To the extent any activities alleged by Paramount are subject to the provisions of Section 18.1 of the License Agreement, that Section does not

preclude or prevent assignment, delegation or transfer of rights and obligations under the Agreement to Cryptologic or to entities controlled entirely by Cryptologic.

111. As alleged by Paramount, Cryptologic proposed that the formal licensee entering into the Agreement be one of its subsidiaries, which Paramount agreed to on condition that performance be guaranteed by Cryptologic, without which Paramount allegedly would not have entered into the License Agreement. Cryptologic continues to guarantee performance of the Agreement.

### Fourth Affirmative Defense

112. Paramount's claims against GP are barred because its own acts and omissions caused the alleged injury and damages complained of in its TPC.

### Fifth Affirmative Defense

113. Paramount's claims against GP, to the extent if any that arise out of Paramount's claimed terminations of the Agreement, are barred by the doctrine of ratification.

### Sixth Affirmative Defense

114. Paramount's claims against GP arising out of Paramount's allegations that the Agreement was assigned, transferred or delegated to GP are barred by the doctrines of laches.

### Seventh Affirmative Defense

115. Paramount fails to state a cause of action for money damages against GP because it has been paid in full to date under the Agreement, and since all the obligations of the licensee required under the Agreement have been performed Paramount has suffered no monetary loss.

nydocs1-979187.1

**WHEREFORE**, Gaming Portals Limited demands that the claims stated in the TPC be dismissed, that the court award costs, fees and disbursements in favor of GP, and such other and further relief as the Court deems just and proper:

Dated:   December 2, 2011

By: _____
Lawrence Kill (LK 2685)
Jeffrey E. Glen (JG8277)

Anderson Kill & Olick, P.C.
1251 Avenue of the Americas
New York, NY  10020
Telephone:  212-278-1000

Attorneys for Third-party Defendant
Gaming Portals Limited