UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WAGERLOGIC LIMITED, | |
| Plaintiff, | |
| vs. | |
| PARAMOUNT DIGITAL ENTERTAINMENT, a division of PARAMOUNT PICTURES CORPORATION, | Civil Action No. 11 CV 4310(BSJ)(DCF) |
| Defendant and Counter-Plaintiff, | **ANSWER OF CRYPTOLOGIC LIMITED** |
| vs. | |
| CRYPTOLOGIC LIMITED and GAMING PORTALS LIMITED, | |
| Third-Party Defendants. | |

Third-party Defendant CryptoLogic Limited ("CryptoLogic") for its Answer

to the Third Party Complaint ("TPC") of Defendant Paramount Digital Entertainment, a

division of Paramount Pictures Corporation ("Paramount"), states as follows:[1]

    1.    Denies the allegations of paragraph 1 of the TPC, but admits that

WagerLogic Ltd. ("WagerLogic"), which is a wholly owned subsidiary of CryptoLogic,

and Paramount entered into a License Agreement (the "Agreement") as defined in

paragraph 3 of the Complaint, and refers the Court to the text of that Agreement for its

terms.

    2.    Admits that CryptoLogic provided a Guaranty to Paramount in connection

with the Agreement (the "Guaranty"), which Guaranty constitutes Exhibit D to the

Agreement, refers the Court to the text of the Guaranty for its terms, and denies the

remaining allegations of paragraph 2 of the TPC.

---

[1] The term "TPC" hereinafter refers to "Paramount's Statement of Counterclaims against WagerLogic Limited and Third-Party Complaint against Cryptologic Limited and Gaming Portals Limited", contained on page 6 and following of the pleading filed in this action on 10/18/11 as "Document 7" on the docket sheet.

3.      Denies the allegations of paragraph 3 of the TPC.

4.      Denies the allegations of paragraph 4 of the TPC.

5.      Denies the allegations of paragraph 5 of the TPC, but admits that

Licensed Games have been created and distributed pursuant to the Agreement.

6.      Denies the allegations of paragraph 6 of the TPC.

7.      Denies the allegations of paragraph 7 of the TPC.

8.      Denies knowledge or information sufficient to form a belief as to the truth

of the allegations contained in paragraph 8 of the TCP.

9.      Admits the allegations of paragraph 9 of the Counterclaims, with the

correction that the current address for notices of WagerLogic is "WagerLogic Ltd c/o

CryptoLogic Ltd.," at the street and city address stated in this paragraph of the TPC.

10.     Admits the allegations of paragraph 10 of the TPC, but notes that the

address alleged is its "principal", not "principle", place of business.

11.     Admits the allegations of paragraph 11 of the TPC, but notes that the

address alleged is its "principal", not "principle", place of business.

12.     Denies, in response to paragraph 12 of the TPC, that this Court has

jurisdiction over CryptoLogic, a corporation that does no business in the United States,

pursuant to 28 U.S.C. section 1332(a), admits that the matter in controversy exceeds

the sum or value of $75,000, exclusive of interest and costs, and respectfully refers the

Court to the reply of WagerLogic and the answer of  Gaming Portals Ltd. ("GP")

regarding the remaining allegations of this paragraph.

13.     Denies that this matter presents a federal question, and therefore denies

the allegations of paragraph 13 of the TPC.

2

14.     Admits that CryptoLogic consented to the jurisdiction of this Court over Paramount's claims arising out of the Guaranty as alleged in paragraph 14 of the TPC, and respectfully refers the Court to the reply of plaintiff WagerLogic regarding the remaining allegations of this paragraph.

15.     Denies, in response to paragraph 15 of the TPC, that this Court has personal jurisdiction over CryptoLogic pursuant to N.Y. CPLR sections 301 and 302, admits that CryptoLogic consented to personal jurisdiction in New York, New York pursuant to the Guaranty, and respectfully refers the Court to the reply of plaintiff WagerLogic Ltd., and to the answer of GP regarding the remaining allegations of this paragraph.

16.     Denies, in response to paragraph 16 of the TPC, that venue over CryptoLogic is proper in this district under 28 U.S.C. section 1391(a), admits that CryptoLogic consented to venue in this district over Paramount's claims arising out of the Guaranty as alleged in paragraph 16 of the TPC, and respectfully refers the Court to the reply of plaintiff WagerLogic, and to the answer of GP regarding the remaining allegations of this paragraph.

17.     As paragraph 17 purports to state propositions of law, no responsive pleading is required.

18.     Admits the allegations of paragraph 18 of the TPC.

19.     Admits that in the Agreement Paramount granted an exclusive license to WagerLogic to exploit certain motion pictures, refers the Court to the text of the Agreement for its terms, denies knowledge or information sufficient to form a belief as to

3

the truth of the allegations contained in the final sentence of paragraph 19 of the TPC, and otherwise denies the allegations of paragraph 19 of the TPC.

20.     Admits that the Agreement contains provisions relating to creation, marketing and distribution of "Licensed Games," refers the Court to the text of the Agreement for its terms, and otherwise denies the allegations of paragraph 20 of the TPC.

21.     Admits that the Agreement contains provisions relating to payments, refers the Court to the text of the Agreement for its terms, and otherwise denies the allegations of paragraph 21 of the TPC.

22.     Admits that the Agreement contains provisions regarding "Marketing Dates", refers the Court to the text of the Agreement for its terms, and otherwise denies the allegations of paragraph 22 of the TPC.

23.     Admits the allegations of paragraph 23 of the TPC.

24.     Admits that the Agreement contains provisions in Section 18.1 thereof, refers the Court to the text of the Agreement for its terms, and otherwise denies the allegations of paragraph 24 of the TPC.

25.     Admits the allegations of paragraph 25 of the TPC.

26.     Admits, in response to paragraph 26 of the TPC, that Section 25 of the Agreement provides that "the prevailing party in any legal action hereunder shall be entitled to recover its actual legal costs and expenses, including, without limitation, attorneys' fees.", denies that CryptoLogic has any obligations under Section 25 of the Agreement, and states affirmatively that CryptoLogic's obligations to Paramount regarding legal costs and expenses, if any, are limited by the Guaranty to payment of

4

"all reasonably and necessarily incurred costs and expenses (including court costs and reasonable legal expenses) incurred by Paramount in connection with the enforcement of this guaranty.".

27.     Admits that Cryptologic executed a Guaranty of the "full and timely performance of all of the obligations of WagerLogic under the terms and conditions of the License Agreement," admits that WagerLogic is a subsidiary of CryptoLogic, and otherwise denies the allegations of paragraph 27 of the TPC.

28.     Denies the allegations of paragraph 28 of the TPC.

29.     Admits that as of September 2010, three Licensed Games themed to Paramount Motion Picture properties had been released on the internet, and otherwise denies the allegations of paragraph 29 of the TPC.

30.     Denies the allegations against CryptoLogic of paragraph 30 of the TPC, and on information and belief denies the allegations against WagerLogic of paragraph 30 of the TPC.

31.     Denies the allegations against CryptoLogic of paragraph 31 of the TPC, and on information and belief denies the allegations against WagerLogic of paragraph 31 of the TPC.

32.     Denies the allegations against CryptoLogic of paragraph 32 of the TPC, and on information and belief denies the allegations against WagerLogic of paragraph 32 of the TPC.

33.     Denies knowledge or information sufficient to form a belief as to the allegation that Paramount invoiced WagerLogic for payments well in advance of December 1, 2010, and otherwise denies the allegations of paragraph 33 of the TPC.

5

34.    Denies the allegations of paragraph 34 of the TPC.

35.    Admits that neither WagerLogic nor CryptoLogic  made the payments which are alleged by Paramount in paragraph 35 of the TPC to have been due by December 1, 2010, for license fees for Existing Pictures and rights to Future Motion Picture properties, on or before December 1, 2010, and otherwise denies the allegations of paragraph 35 of the Counterclaims.

36.    Admits that Steve Quintin, an employee of CryptoLogic Inc., received an email from one Marvin Neil on December 15, 2010, refers the Court to the text of that email for the contents thereof, denies knowledge or information sufficient to form a belief as to Mr. Neil's "perplexity," and otherwise denies the allegations of paragraph 36 of the TPC.

37.    Denies the allegations of paragraph 37 of the TPC.

38.    Denies the allegations of paragraph 38 of the TPC.

39.    Denies that, as alleged in paragraph 39 of the TPC, Steve Quintin was "CryptoLogic's Director of Project Management" in January 2011, states affirmatively that Mr. Quintin was employed in January 2011 by CryptoLogic Inc., a Canadian subsidiary of CryptoLogic Ltd., admits that Mr. Quintin received an email from Luke Letizia on January 12, 2011, refers the Court to the text of that email for the contents thereof.

40.    Admits that Mr. Quintin received emails from Letizia on January 13 and January 19, states affirmatively that Mr. Quintin responded by emails dated January 13 and January 20, 2011, refers the Court to the text of those emails for the contents thereof, and otherwise denies the allegations of paragraph 40 of the TPC.

6

41.     Admits that a meeting occurred in London on January 26, 2011, attended by Messrs. Letizia, Neil, Quintin, and Mr. Ian Price, states affirmatively that the subjects discussed at that meeting were the development of the Future Pictures and possible alterations in some of the terms of the licensing agreement as it applied to the development of some of the Existing Pictures, and otherwise denies the allegations of paragraph 41 of the TPC.

42.     Admits that Mr. Quintin received an email from Mr. Letizia on February 3, 2010, refers the Court to the text of that email for the contents thereof, and otherwise denies the allegations of paragraph 42 of the TPC.

43.     Admits that there was an exchange of emails between Mr. Letizia and Mr. Quintin on February 9 and 11, 2011, refers the Court to the text of those emails for the contents thereof, and otherwise denies the allegations of paragraph 43 of the TPC.

44.     Admits that on February 15, 2011, Mr. Quintin sent an email to Mr. Letizia, denies that the email was in response to an email sent by Mr. Letitzia to Mr. Quintin also on February 15, states affirmatively that Mr. Letitzia's email was sent to Mr. Quintin more than three hours after Mr. Quintin's email to Mr. Letitzia, refers to the Court to the text of those emails for the contents thereof, admits that Mr. Letizia in his email informed WagerLogic that Paramount can give WagerLogic 24 more hours before sending out the termination letter,  and otherwise denies the allegations of paragraph 44 of the TPC.

45.     Denies the allegations of paragraph 45 of the TPC.

46.     Denies the allegations of paragraph 46 of the TPC.

47.     Admits that by February 23, 2011, neither Wagerlogic nor CryptoLogic had released any additional Licensed Games themed to the Paramount properties, and

7

otherwise denies the allegations of the first sentence of paragraph 47 of the TPC.

Admits that by February 23, 2011, neither WagerLogic nor CryptoLogic had presented

to Paramount any approval candidates for additional games, and otherwise denies the

allegations of the second sentence of paragraph 47 of the TPC.

48.     Denies the allegations of paragraph 48 of the TPC.

49.     Denies the allegations of paragraph 49 of the TPC.

50.     Admits that three Licensed Games themed to Paramount's Motion Picture

properties continue to be distributed on the internet, and otherwise denies the

allegations of paragraph 50 of the TPC.

51.     Denies the allegations of paragraph 51 of the TPC.

52.     Admits that on February 24, 2011, WagerLogic, using an account

maintained in the name of its sister company Gaming Portals, Ltd., caused $500,000 to

be sent to Paramount, which funds were received by Paramount February 25, 2011,

and otherwise denies the allegations of paragraph 52 of the TPC.

53.     Admits that WagerLogic sent a letter dated March 8, 2011 to Paramount in

which, *inter alia*, WagerLogic specifically denied that it had ever received a notice of

breach prior to the notice of termination, and in any event timely cured any alleged

breach, refers the Court to the text of that letter for the contents thereof, and otherwise

denies the allegations of paragraph 53 of the TPC.

54.     Admits that WagerLogic sent a letter dated March 8, 2011 to Paramount in

which, *inter alia*, WagerLogic specifically denied that it had ever received a notice of

breach prior to the notice of termination, and in any event timely cured any alleged

8

breach, refers the Court to the text of that letter for the contents thereof, and otherwise
denies the allegations of paragraph 54 of the TPC.

55.    Admits that WagerLogic sent a letter dated March 8, 2011 to Paramount in
which, *inter alia*, WagerLogic specifically denied that it had ever received a notice of
breach prior to the notice of termination, and in any event timely cured any alleged
breach, refers the Court to the text of that letter for the contents thereof, and otherwise
denies the allegations of paragraph 55 of the TPC.

56.    Admits that WagerLogic sent a letter dated March 8, 2011 to Paramount in
which, *inter alia*, WagerLogic specifically denied that it had ever received a notice of
breach prior to the notice of termination, and in any event timely cured any alleged
breach, refers the Court to the text of that letter for the contents thereof, and otherwise
denies the allegations of paragraph 56 of the TPC.

57.    Denies the allegations of paragraph 57 of the TPC.

58.    Admits that the Agreement contains provisions in Section 18.1 thereof,
refers the Court to the text of the Agreement for its terms, and otherwise denies the
allegations of paragraph 58 of the TPC.

59.    Denies the allegations of paragraph 59 of the TPC, and states
affirmatively that WagerLogic did not assign, transfer or delegate its rights and
obligations to GP in violation of the Agreement.

60.    Admits that in June of 2010 Cryptologic prepared an announcement
stating *inter alia* that "WagerLogic Limited is changed to Gaming Portals Limited," refers
the Court to the text of that email for the contents thereof, denies knowledge or
information sufficient to admit or deny that this announcement was sent to Mr. Letizia or

9

Mr. Neil, specifically denies that the announcement constitutes a "unilateral declaration of transfer" in violation of the Agreement, and otherwise denies the allegations of paragraph 60 of the TPC.

61.     Denies that there was any "unilateral transfer" in violation of the Agreement, and thus denies the allegations of paragraph 61 of the TPC.

62.     Admits the allegations of paragraph 62 of the TPC, except denies there was any assignment, transfer and/or delegation of obligations to GP in violation of the Agreement.

63.     Admits the allegations of paragraph 63 of the TPC, except denies there was any transfer of rights and obligations in violation of the Agreement.

64.     Denies the allegations of paragraph 64 of the TPC.

65.     Admits that on February 24, 2011, WagerLogic, using an account maintained in the name of its sister company Gaming Portals, Ltd., caused $500,000 to be sent to Paramount, which funds were received by Paramount on February 25, 2011 and otherwise denies the allegations of paragraph 65 of the TPC.

66.     Denies the allegations of paragraph 66 of the TPC.

67.     Denies the allegations of paragraph 67 of the TPC.

68.     Admits the allegations of paragraph 68 of the TPC.

69.     Admits that Gaming Portals is a duly registered legal entity and otherwise denies the allegations of paragraph 69 of the TPC.

70.     Admits that Paramount sent a letter dated August 17, 2011 to WagerLogic, refers to the Court to the text of that letter for the contents thereof, and otherwise denies the allegations of paragraph 70 of the TPC.

10

71.     Admits that CryptoLogic responded to the letter of August 17, 2011, by letter dated August 25, 2011, in which it denied that there had been any assignment of rights and obligations in violation of the Agreement, refers the Court to the text of that letter for the contents thereof, and otherwise denies the allegations of paragraph 71 of the TPC.

72.     Admits that CryptoLogic responded to the letter of August 17, 2011, by letter dated August 25, 2011, in which it denied that there had been any assignment of rights and obligations in violation of the Agreement, refers the Court to the text of that letter for the contents thereof, notes that what a letter "did not mention" is not a proper pleading to which any response is required and otherwise denies the allegations of paragraph 72 of the TPC.

73.     Admits that CryptoLogic responded to the letter of August 17, 2011 by letter dated August 25, 2011, in which it denied that there had been any assignment of rights and obligations in violation of the Agreement, refers the Court to the text of that letter for the contents thereof, notes that what a letter "did not mention" is not a proper pleading to which any response is required and otherwise denies the allegations of paragraph 73 of the TPC.

74.     Admits, as alleged at paragraph 74 of the TPC that Paramount was served with the Complaint on September 29, 2011, after Paramount's attorney reneged on an agreement to accept service shortly after the action was commenced.

75.     Admits that the complaint was filed, and thus the action was commenced, June 24, 2011, admits that Paramount's counsel was provided with a full and complete copy of the complaint together with certain additions on or about June 24, 2011, admits

11

that Paramount's counsel opposed the filing of the full and complete complaint with additions, admits that permission to file the full and complete complaint with additions under seal was denied by the Court, and otherwise denies the allegations of paragraph 75 of the TPC.

76.     Since the allegations of paragraph 76 of the TPC are as vague and unintelligible as to be meaningless, Cryptologic denies these allegations.

77.     Denies the allegations of paragraph 77 of the TPC.

78.     Admits that on August 11, 2011, CryptoLogic issued a press release, refers the Court to the text of the press release for the contents thereof, and otherwise denies the allegations of paragraph 78 of the TPC.

79.     Since the allegations of paragraph 79 of the TPC are as vague and unintelligible as to be meaningless, Cryptologic denies these allegations.

80.     Denies the allegations of paragraph 80 of the TPC.

81.     – 93   As the allegations of paragraphs 81 – 93 of the TPC are directed solely against plaintiff WagerLogic, CryptoLogic declines to respond to those allegations and respectfully refers the Court to the reply of plaintiff WagerLogic regarding the allegations of these paragraphs.

94.     CryptoLogic repeats and realleges the foregoing admissions and denials as if fully restated herein.

95.     Denies the allegations of paragraph 95 of the TPC.

96.     Admits that the License Agreement is in full force and effect, and that the Licensed Games continue to be distributed on the internet, and otherwise denies the allegations of paragraph 96 of the TPC.

12

97.     As the allegations of paragraph 97 of the TPC are addressed solely to plaintiff WagerLogic, CryptoLogic declines to respond to these allegations and respectfully refers the Court to the reply of plaintiff WagerLogic regarding the allegations of this paragraph.

98.     Admits that this controversy is of a substantial nature, and otherwise denies the allegations of paragraph 98 of the TPC.

99.     As the allegations of paragraph 99 of the TPC are addressed solely to plaintiff WagerLogic, CryptoLogic declines to respond to these allegations and respectfully refers the Court to the reply of plaintiff WagerLogic regarding the allegations of this paragraph.

100.    Admit that Paramount seeks a declaratory judgment as stated in paragraph 100 of the TPC, and otherwise denies the allegations of this paragraph.

101.    CryptoLogic repeats and realleges the foregoing admissions and denials as if fully restated herein.

102.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 102 of the TPC.

103.    Denies the allegations of paragraph 103 of the TPC.

104.    Admits that the Licensed Games continue to be publicly distributed  on the internet, and otherwise denies the allegations of paragraph 104 of the TPC.

105.    Admits that GP was not a named party to the License Agreement, and denies the remaining allegations of paragraph 105 of the TPC.

106.    Denies the allegations of paragraph 106 of the TPC.

107.    Denies the allegations of paragraph 107 of the TPC.

13

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

108.   Paramount's claim of termination based on an alleged violation of section 18.1 of the Agreement was untimely, was contrary to the course of conduct of the parties, and was made only after the complaint herein was filed and more than one year after Paramount states that it received information of an alleged transfer of rights and obligations to GP.  Thus, Paramount's claims are barred, in whole or in part, by the doctrines of estoppel and waiver.

### Second Affirmative Defense

109.   To the extent any activities alleged by Paramount are subject to the provisions of Section 18.1 of the License Agreement that Section does not preclude or prevent assignment, delegation or transfer of rights and obligations under the Agreement to Cryptologic or to entities controlled entirely by Cryptologic.

110.   As alleged by Paramount, Cryptologic proposed that the formal licensee entering into the Agreement be one of its subsidiaries, which Paramount agreed to on condition that performance be guaranteed by Cryptologic, without which Paramount allegedly would not have entered into the License Agreement. Cryptologic continues to guarantee performance of the Agreement.

### Third Affirmative Defense

111.   Paramount's claims against CryptoLogic are barred because its own acts and omissions caused the alleged injury and damages complained of in its TPC.

14

### Fourth Affirmative Defense

112.   Paramount's claims against CryptoLogic arising out of its claimed terminations of the Agreement are barred by the doctrine of ratification.

### Fifth Affirmative Defense

113.   Paramount's claims against CryptoLogic arising out of its allegations that the rights and obligations under the Agreement were assigned, transferred, or delegated to Gaming Portals are barred by the doctrines of laches.

### Sixth Affirmative Defense

114.   Paramount fails to state a cause of action for money damages against CryptoLogic under the Guaranty because it has been paid in full to date under the Agreement, and since all the obligations of the licensee required under the Agreement have been performed Paramount has suffered no monetary loss.

### Seventh Affirmative Defense

115.   Paramount has breached the Agreement by erroneously purporting to terminate the agreement, by not extending full good faith cooperation and assistance as required under the Agreement and by engaging in discussions or negotiations with, or entering into an understanding with, a third party concerning the future pictures referenced in the Agreement.

116.   Paramount's breaches of the Agreement relieve CryptoLogic of its obligations under the Guaranty.

### Eighth Affirmative Defense

117.   On information and belief, prior to entering into the Agreement, Paramount had licensed the rights to develop and distribute Casual Gambling style games themed to one or more of the Future Pictures to a rival of WagerLogic in the internet gaming

15

business.  Such film or films had been licensed to the rival of WagerLogic previously, but such license or licenses were scheduled to terminate on or before May 1, 2012, on which date the Future Pictures became subject to the Agreement pursuant to paragraph 6.2 thereof.

118.   On information and belief, in January or very early in February of 2011, Paramount  signed an extension of the license or licenses referred to in the previous paragraph beyond May 2012, in violation of the exclusive license that Paramount had granted to WagerLogic,

119.   Such extension constituted an anticipatory breach of the Agreement since under the Agreement WagerLogic had exclusive rights to those Future Pictures.

120.   By purporting to extend the rival's license regarding the Future Pictures, or entering into agreements contemplating the extension of the rival's license regarding the Future Pictures, into the period covered by WagerLogic's license, Paramount breached its duty of good faith and fair dealing implied into the Agreement.

121.   By breaching its duty of good faith and fair dealing, Paramount became estopped to seek to terminate the Agreement or enforce the Guaranty until the completion of the license period related to the Future Pictures.

## COUNTERCLAIM

122.   CryptoLogic is the owner of WagerLogic.

123.   By virtue of that ownership, economic injury to WagerLogic concomitantly injures CryptoLogic.

16

124.   Paramount's breach of its duty of good faith and fair dealing as alleged in paragraphs 115,117-120 above, and in paragraphs 115 - 119 of WagerLogic's reply, has caused economic injury to WagerLogic.

125.   In particular, Paramount's failure and refusal to cooperate with WagerLogic in the production of Licensed Games, Paramount's purported extension to a rival of WagerLogic, of the existing license to such rival to develop and distribute Casual Gambling style games themed to one or more of the Future Pictures past the commencement dates set forth in section 6.2 of the Agreement, and Paramount's failure and refusal to consider providing approvals as required by Article 11 of the Agreement, have constituted anticipatory breaches of the Agreement.

126.   While Paramount's breaches to date have caused WagerLogic economic injury, for which CryptoLogic seeks compensation in this Counterclaim, Paramount's ongoing failure and refusal to consider providing approvals as required by Article 11 of the Agreement threaten to render it impossible for WagerLogic to commence the distribution of Licensed Games themed to the Future Pictures, for which a damage remedy is inadequate.

**WHEREFORE**, CryptoLogic demands that the claims stated in the TPC be dismissed, and that the Court grant CryptoLogic:

       a.   an award of money damages in an amount to be determined at trial,

       b.   a declaration that any purported  extension of the existing license to a rival of WagerLogic to develop and distribute Casual Gambling style games themed to one or more of the Future Pictures past the

17

nydocs1-978490.2

commencement dates set forth in section 6.2 of the Agreement is null and void,

c.      an injunction enjoining Paramount, for the duration of the Agreement, from entering into any extension of any existing license to a rival of WagerLogic to develop and distribute Casual Gambling style games themed to one or more of the Future Pictures past the commencement dates set forth in section 6.2 of the Agreement,

d.      an injunction requiring Paramount to consider and where appropriate grant approvals pursuant to Article 11 of the Agreement upon the submission by WagerLogic to Paramount of the "Deliverables" as defined in section 11.2 of the Agreement,

e.      an award of costs, fees and disbursements, including attorneys fees as provided in Paragraph 25 of the Agreement, and

f.      such other and further relief as the Court deems just and proper.

Dated:   December 2, 2011

By:   _____
         Lawrence Kill (LK 2685)
         Jeffrey E. Glen(JG8277)

         Anderson Kill & Olick, P.C.
         1251 Avenue of the Americas
         New York, NY 10020
         Telephone: 212-278-1000

         Attorneys for Third-party Defendant
         CryptoLogic Limited

18