UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WAGERLOGIC LIMITED,

                      Plaintiff,

vs.

PARAMOUNT DIGITAL ENTERTAINMENT, a division of PARAMOUNT PICTURES CORPORATION,

                Defendant and Counter-Plaintiff,

vs.

CRYPTOLOGIC LIMITED and GAMING PORTALS LIMITED,

              Third-Party Defendants.

Civil Action No. 11 CV 4310(BSJ)(DCF)

---

### FIRST REQUEST OF PLAINTIFF AND THIRD-PARTY DEFENDANTS FOR PRODUCTION OF DOCUMENTS

Plaintiff WagerLogic Limited and Third-Party Defendants CryptoLogic Limited and Gaming Portals Limited, pursuant to Federal Rule of Civil Procedure ("FRCP") 34, hereby request that defendant Paramount Digital Entertainment, a division of Paramount Pictures Corporation ("Paramount") respond to this request and produce the following documents for inspection and copying within 30 days of service of this request at the office of Anderson Kill & Olick, P.C., 1251 Avenue of the Americas, 42nd Floor New York, New York 10020, or at such other location as may be agreed upon by the parties.

### DEFINITIONS

1.     The definitions, rules of construction and requirements of Rule 26.3 of the Local Rules of the United States District Court for the Southern District of New

York are incorporated herein by reference and apply to all of the Requests for the Production of Documents set forth below, unless otherwise indicated:

2. "WagerLogic" shall mean WagerLogic Limited, the plaintiff herein.

3. "CryptoLogic" shall mean Cryptologic Limited, which is named as a Third-Party Defendant in the Answer of defendant previously filed herein.

4. "Gaming Portals" shall mean Gaming Portals Limited, which is named as a Third-Party Defendant in the Answer of defendant previously filed herein.

5. "Paramount" shall mean Paramount Digital Entertainment, a division of Paramount Pictures Corporation, which is the named defendant in this action, including its parent company or companies, affiliated companies and subsidiaries, any and all predecessors-in-interest, and successors-in-interest.

6. "Paramount personnel" shall mean directors, officers, employees, agents, representatives, and others known to have acted on Paramount's behalf.

7. "You" and "Your" shall mean Paramount, as defined herein.

8. The term "License Agreement" shall mean the "Merchandising License Agreement" dated as of December 15, 2008 between Paramount and WagerLogic.

9. The terms "Existing Pictures" and "Future Pictures" shall have the meaning ascribed to them in the License Agreement.

10. "Communications" shall mean, without limitation, any oral, written or electronic transmission of information, including but not limited to, conversations, meetings, discussions, telephone calls, telegrams, telecopies, e-mails, telexes, seminars, conferences, writings, letters, messages, notes, or memoranda.

11. "Document" is used in the broadest sense permissible under FRCP 34 and includes all communications, as defined above, and all information in written, recorded, graphic, or electronic form, including but not limited to writings, drawings, graphs, charts, photographs, tapes, recordings, e-mails, computer records, computer diaries, motion pictures, or videotapes.

12. "Relating to" means asserting, concerning, constituting, containing, describing, discussing, evidencing, identifying, recording, referring to, reflecting, regarding, pertaining to, stating, or summarizing.

13. "And" shall mean "or," and "or" shall mean "and," as necessary to call for the broadest possible answer.

14. "All" and "Any" means each and every.

15. "Business" means business entity of any kind, including but not limited to sole proprietorship, partnership, corporation, or limited liability company.

## INSTRUCTIONS

1. You are to produce all requested Documents within Your possession, custody or control without regard to who has physical possession of them, or who prepared the Documents.

2. You also are specifically requested to search for and produce all archived Documents, Documents maintained on information systems, such as computer files or tapes, microfilm or microfiche, and Documents maintained in storage on- or off-site.

3. The Documents produced should be grouped in the order that they are maintained in the normal course of business, and include in the production all files and file labels in which the Documents, and extra copies of them, are located.

4. When responding to these Requests for Production of Documents, you are requested to state, as to each Request:

(a) That there are such Documents and they will be produced;

(b) That there are such Documents but you refuse to produce them because of a claim of privilege, or for some other reason; or

(c) That there are no such Documents responsive to a particular request.

5. For each Document withheld on a claim of privilege, provide the information required by Local Rule 26.2 of the United States District Court for the Southern District of New York, including identify the date, author, recipient(s), title, and general nature of the Document and privilege claimed, in a manner sufficient to allow Plaintiff to determine whether and how to contest the claim of privilege.

6. If any Documents requested are known to be unavailable or known to have been destroyed or lost, list each such Document or Communication and describe when and why it was destroyed or lost, or why it is unavailable. As to each such Document, identify the persons with knowledge of the information contained therein and the persons who had a copy of the Document.

7. These Requests for Production of Documents are continuing in nature to the extent required under the FRCP. Plaintiff requests supplemental production of Documents to provide additional Documents or information that are discovered that are responsive to these Requests.

## DOCUMENT REQUESTS

1. All documents relating to the (a) negotiation, (b) execution or implementation of the License Agreement.

2. All documents relating to Paramount's claim that it would not have entered into the License Agreement without CryptoLogic's guarantee of full and timely performance of the License Agreement.

3. All documents relating to Paramount's purported termination of the License Agreement on February 23, 2011.

4. All documents relating to the alleged breaches by WagerLogic or CryptoLogic of the License Agreement.

5. All documents relating to fee payments made pursuant to the License Agreement for Existing Pictures pursuant to paragraph 7.1.1.1 of the License Agreement or otherwise.

6. All documents relating to the terms or provisions of paragraphs 7.1.1 and 7.1.1.2 of the License Agreement.

7. All documents relating to payments for the Future Picture guarantee under the License Agreement pursuant to paragraph 7.1.1.2 of the License Agreement or otherwise.

8. All documents relating to the terms or provisions of paragraphs 10.3 and 10.3.1 of the License Agreement.

9. All documents relating to Paramount's claim that WagerLogic and CryptoLogic failed to cooperate in good faith to maximize potential distribution of Licenses Games.

10. All documents relating to Paramount's claim that WagerLogic had (a) repudiated the License Agreement, (b) waived any right to receive notice of termination of the License Agreement, or (c) waived any right to receive notice of commencement of a cure period.

11. All documents relating to Paramount's claim that it fully performed its obligations under the License Agreement.

12. All documents relating to Paramount's alleged termination on August 17, 2011 based on WagerLogic's alleged assignment to Gaming Portals Limited.

13. All Documents relating to Paramount's claims of copyright infringement.

14. All documents relating to claims of misuse or infringement of Paramount's intellectual property rights.

15. All documents relating to alleged damages to Paramount, caused by the (a) alleged breach of the License Agreement, (b) misuse of intellectual property or (c) copyright infringement by reason of WagerLogic's alleged unauthorized use of Paramount's theatrical motion pictures.

16. All documents relating to the terms or provisions of paragraph 15.1 or paragraph 15.3 of the License Agreement.

17. All documents relating to "Notices" prepared or sent by Paramount to WagerLogic, CryptoLogic or Gaming Portals pursuant to paragraph 24 of the License Agreement.

18. All documents relating to Paramount's claim that WagerLogic had assigned or delegated its rights and interests in violation of paragraph 18.1 of the

License Agreement, including but not limited to any actions Paramount undertook upon becoming aware of such alleged violation.

19. All documents relating to the "Commitment notice" referred to paragraph 10.3 in the License Agreement.

20. All documents relating to the alleged guarantee by CryptoLogic as set forth in Exhibit D to the License Agreement.

21. All documents relating to Gaming Portals.

22. All documents relating to any option or right to market any of the Future Pictures granted by Paramount to any business subsequent to the entry by the parties of the License Agreement, whether or not such option or right to market resulted in an agreement with such business.

23. All documents for the period January 1, 2002 to the present relating to Paramount's granting of, or negotiation for, any option or right to market any motion pictures to any business for the purpose of creating and marketing "Casual Gambling style games" as defined in the Licensing Agreement.

24. All documents relating to Paramount's proposed amendments to the License Agreement allegedly to "find an alternative solution to termination."

25. All documents relating to Royalty reports, statements and payments made and received by Paramount pursuant to the License Agreement.

26. All documents relating to Paramount's claim that WagerLogic's claims are barred by (a) estoppel, waiver and laches, (b) unclean hands, (c) the lack of standing, real party in interest, and (d) that any injury or damages were caused by the acts or omissions of WagerLogic or third parties.

27. All documents relating to discoverable information by each of the individuals identified by Paramount in its Rule 26 (a) Initial Disclosures.

28. All documents which name or mention any of the individuals referred to in Paramount's Rule 26(a) Initial Disclosures relating in any way to the License Agreement or the claims or defenses in the subject litigation.

29. All documents, including but not limited to telephone logs, appointment books, calendars, or similar documents relating to any meetings or communications of any kind between any individual referred to in Paramount's Rule 26(a) Initial Disclosures and any person employed by or acting on behalf of CryptoLogic, WagerLogic, or Gaming Portals.

30. All documents related to the claims or defenses alleged by the parties in the pleadings in this litigation, including but not limited to the documents identified in Paramount's Rule 26(a) Initial Disclosures, as follows:

    (i) communications between the parties:

    (ii) agreements/contracts between the parties;

    (iii) documents related to the agreements/contracts between the parties; and

     (iv) Licensed Games created and distributed by WagerLogic, Cryptologic and Gaming Portals.

Dated: January 20, 2012  By: _/s/ Lawrence Kill_

           Lawrence Kill, Esq.
           Jeffrey Glen, Esq.
           ANDERSON, KILL & OLICK, P.C.
           1251 Avenue of the Americas
           New York, NY 10020

           Attorneys for Plaintiff and Third-Party Defendants