RECEIVED
MAR 07 2012
CHAMBERS OF
DEBRA FREEMAN
U.S.M.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/12/12

---

WAGERLOGIC LIMITED,

    Plaintiff,

-against-

PARAMOUNT DIGITAL ENTERTAINMENT, a division of PARAMOUNT PICTURES CORPORATION,

    Defendant and Counter-Plaintiff,

-against-

CRYPTOLOGIC LIMITED and GAMING PORTALS LIMITED,

    Third-Party Defendants.

Civil Action No. 11 CV 4310(BSJ)(DCF)

## STIPULATION AND PROPOSED PROTECTIVE ORDER

It is hereby stipulated and agreed by and between undersigned counsel for the parties herein that the attached proposed Stipulated Protective Order be submitted to the court for review and approval as the Court deems appropriate.

Dated: March 5, 2012
       New York, New York

Gage Spencer & Fleming LLP

By: _____
G. Robert Gage, Jr.
Sara Jane Daugherty
410 Park Avenue, Suite 900
New York, NY 10022
Tel. No. (212) 768-4900
Attorneys for Defendant and Counter-Plaintiff Paramount Digital Entertainment, a Division of Paramount Pictures Corporation

Anderson Kill & Olick, P.C.

By: _____
Lawrence Kill
Jeffrey E. Glen
1251 Avenue of the Americas
New York, NY 10020
Tel. No (212) 278-1000
Attorneys for Plaintiff WagerLogic Limited and Third-Party Defendants Cryptologic Limited and Gaming Portals Limited

nydocs1-983971.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WAGERLOGIC LIMITED,

   Plaintiff,

vs.

PARAMOUNT DIGITAL ENTERTAINMENT, a division of PARAMOUNT PICTURES CORPORATION,

   Defendant and
   Counter-Plaintiff,

vs.

CRYPTOLOGIC LIMITED and GAMING PORTALS LIMITED,

   Third-Party Defendants.

Civil Action No. 11 CV 4310(BSJ)(DCF)

**STIPULATED PROTECTIVE ORDER**

  The Court having reviewed the Stipulation for Protective Order executed by the parties through their respective counsel and in accordance with Rule 26(c) of the Federal Rules of Civil Procedure, orders that:

  1. This Protective Order governs the handling of all documents and things, deposition testimony and exhibits, interrogatory answers, requests to admit and responses thereto and other written, recorded, or graphic matter, and any information therein, provided by or produced by any Party or non-party to any other party as well as any material submitted during discovery periods in connection with this litigation ("Discovery Materials"). Any such Discovery Materials shall be used only for the purposes of this litigation and for no other purpose.

  2. This Order imposes restrictions upon who may receive information produced or disclosed by the Parties during the course of this litigation that is designated by any Party as "Confidential" (hereafter referred to as "Confidential"), or "Attorney-Eyes-Only" (hereafter referred to as "Attorney-Eyes-Only").

nydocs1-980188.1

3. The designation "Confidential" shall be limited to information the Party making the designation ("Designating Party") reasonably believes contains information of a confidential or proprietary nature or should otherwise be subject to confidential treatment, as set forth in this Protective Order.

4. The designation "Attorney-Eyes-Only" shall be limited to information that the Designating Party reasonably believes contains highly sensitive and/or competitive business information, the disclosure of which may result in a competitive disadvantage to the Designating Party.

5. The Confidential and Attorney-Eyes-Only designations may be made at or prior to the times of production of documents by stamping or otherwise marking the Discovery Material as Confidential or Attorney-Eyes-Only on each page of the discovery materials, or in the case of depositions, as provided in paragraph 11 below. When Confidential or Attorneys-Eyes-Only information is disclosed in a form not appropriate for such placing or affixing, it shall be designated in writing as Confidential or Attorneys-Eyes-Only at the time it is delivered to the receiving Party.

6. Any document or information produced by a Party that is designated and stamped "Confidential" or "Attorney-Eyes-Only" shall be treated as provided in this Order, unless ordered otherwise by the Court.

7. Confidential Information may only be disclosed to:

    a. The Parties;

    b. Outside counsel of record and in-house counsel for the Parties charged with the responsibility for and actively engaged in the prosecution, defense or resolution of this litigation.

2

  c. Office personnel working under the direct supervision of outside counsel of record or in-house counsel;

  d. Outside experts or consultants retained for purposes of this litigation, provided that no disclosure shall occur until each such expert or consultant has agreed to be bound by the terms of this Protective Order and has so indicated by executing an undertaking in the form of Exhibit A; the original executed undertaking shall be maintained by counsel for the Party that retained the consultant or expert;

  e. The Court, court officials or other court employees (including court reporters) in this litigation; and

  f. Independent copying services and other independent litigation support services retained for purposes of this litigation.

8. Attorney-Eyes-Only information may only be disclosed to:

  a. Outside counsel of record for the Parties for the sole purpose of the prosecution, defense or resolution of this litigation;

  b. Office personnel working under the direct supervision of outside counsel of record;

  c. Outside experts or consultants retained for purposes of this litigation provided that no disclosure shall occur until each such expert or consultant has agreed to be bound by the terms of this Protective Order and has so indicated by executing an undertaking in the form of Exhibit A; the original executed undertaking shall be maintained by counsel for the Party that retained the consultant or expert;

  d. The Court, court officials or other court employees (including court reporters) in this litigation; and

3

    e.  Independent copying services and other independent litigation support services retained for purposes of this litigation.

  9.  A Party may not disclose Confidential or Attorneys-Eyes-Only information to any expert or consultant who is an officer, principal, agent, or employee of a competitor of any of the parties in this litigation without first disclosing to the Parties in writing the name of the expert or consultant and the name of the competing business with which he or she is affiliated, and providing the producing Party ten (10) days to object in writing to the disclosure of Confidential or Attorney-Eyes-Only information.

  10.  In the event that the producing Party objects to the disclosure of Confidential or Attorneys-Eyes-Only information to an expert or consultant, the Parties agree to meet and confer in an attempt to resolve the objection. If the objection is not withdrawn, the Party proposing to disclose the Confidential or Attorneys-Eyes-Only information shall have the burden of seeking relief from the Court. The information designated Confidential or Attorneys-Eyes-Only information shall not be disclosed to expert or consultant, unless and until the Court orders otherwise.

  11.  Deposition transcripts or portions thereof, containing Confidential or Attorneys-Eyes-Only information shall be so designated in writing no later than twenty (20) days following receipt of the transcript form the reporter. Prior to such written designations, the entire deposition transcript shall be considered to have been designated as Attorneys-Eyes-Only. Following the written designation, those portions of the deposition transcript containing Confidential or Attorneys-Eyes-Only information shall be bound separately from those portions that do not contain Confidential or Attorneys-Eyes-Only information and shall be marked with the following legend:

> THIS TRANSCRIPT CONTAINS MATERIALS WHICH ARE CLAIMED TO BE CONFIDENTIAL [OR ATTORNEYS-EYES-ONLY] BY COUNSEL AND COVERED BY A STIPULATED CONFIDENTIALITY ORDER-TO BE FILED WITH THE COURT UNDER SEAL.

12. If a Party disputes whether a document or information is properly designated as Confidential or Attorneys-Eyes-Only, the Parties agree to attempt to resolve such dispute among themselves. The Party who disputes the designation shall provide its reason(s) in writing to the producing Party after receiving the document or information. The producing Party shall then respond in writing with its reason(s) for its designation. The Parties will then confer, at a time and in a manner mutually agreeable, and make reasonable efforts to resolve to their differences. In the event the Parties are not able to resolve the dispute, the Party who disputes the confidentiality designation shall file a motion with the Court to resolve the dispute. The Party designating the material as Confidential or Attorneys-Eyes-Only shall bear the burden to demonstrate that the designation of materials as Confidential or Attorneys-Eyes-Only was proper.

13. Other than as specifically provided for in this Protective Order, this Protective Order does not affect any legal right or privilege related to the Discovery Material subject to this Protective Order. Nothing in this Protective Order shall be construed as a waiver by any Party of the right to object to the subject matter of any request for discovery in this action. The entry of this Protective Order shall not be construed as an agreement by any Party to produce any documents or provide any information, and shall not constitute an admission by any Party that any document or information which may exist is relevant in any way to the issues raised in this action; nor

shall the entry of this Protective Order be construed as a waiver by any Party of any privilege or immunity with respect to any document or information.

14.     When Confidential or Attorneys-Eyes-Only information is contained in a filing, document, exhibit or deposition testimony that is ultimately filed with this Court, it shall be labeled Confidential or Attorneys-Eyes-Only whereby it shall then be maintained under seal by the Clerk of this Court. Such filings, documents, exhibits or transcripts of testimony shall be filed in sealed envelopes which will be endorsed with the title and docket number of this action, an indication of the nature of the contents of such sealed envelope, and a statement substantially in the following form:

> THIS ENVELOPE CONTAINS FILINGS, DOCUMENTS, EXHIBITS AND/OR TESTIMONY WHICH HAVE BEEN FILED BY [NAME OF PARTY] AND DESIGNATED BY [NAME OF PARTY] AS CONFIDENTIAL AND SUBJECT TO THE TERMS OF A PROTECTIVE ORDER OF THIS COURT. THIS ENVELOPE MAY NOT TO BE OPENED AND ITS CONTENTS MAY NOT BE DISPLAYED OR REVEALED EXCEPT BY ORDER OF THIS COURT.

15.     Neither the designation of Discovery Material as Confidential or Attorney-Eyes-Only nor the failure to object to any other party's designation of material as Confidential or Attorneys-Eyes-Only is an admission that such information does or does not constitute a trade secret or information entitled to protection under any legal theory.

16.     This Order shall not apply to items or information that is or becomes publicly available other than through the actions of the receiving Party in violation of the Order, or that any Party obtains or has obtained from any source, other than those specified in paragraph 1 above, provided said Party has no knowledge, information, or reason to believe that said source wrongfully obtained the information or is disclosing such information in violation of this order.

6

17.     All information designated Confidential or Attorneys-Eyes-Only received by a Party shall be retained at the offices and under the direct control of the Party's counsel (except for those materials disclosed to outside experts or consultants, or to in-house experts, as provided by this Protective Order), who shall use their best efforts to present disclosure thereof, except in strict accordance with the terms of this Protective Order.

18.     A Party's inadvertent or unintentional disclosure of Confidential or Attorneys-Eyes-Only information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver, in whole or in part, of any Party's or any non-party's claim of confidentiality as to the specific information disclosed or as to the other information relating to the same subject matter.

19.     In the event that information protected by the attorney-client privilege, the work product doctrine, or any other ground for preserving the confidentiality of information is inadvertently disclosed, the Party claiming the privilege or protection shall notify any Party who received the information of the claim of privilege or protection and the basis for it. Upon receiving notification, the receiving Party shall immediately return, destroy, or sequester the information, and make reasonable efforts to retrieve any such information disclosed to any third-party prior to notification. The receiving Party shall not review, use or disclose the information, unless the claim of privilege or protection is either withdrawn by the producing Party or ordered withdrawn by the Court.

20.     Unless otherwise agreed by the Parties, within ninety (90) days of the final determination of this action, each Party shall either return all copies of all Confidential or Attorneys-Eyes-Only information materials in its possession or control to the producing

Party or destroy such information. Upon request, the receiving Party shall confirm in writing to the designating Party that such destruction has been completed. For purposes of this Protective Order, the "final determination of an action" shall be deemed to be the latter of (a) full settlement of all claims, final judgment herein, or the completion and exhaustion of all appeals, rehearing, remands, trials and reviews, if any, of this action, or (b) the expiration of all time limits under the Federal Rules of Civil Procedure for the filing or applications for all appeals, rehearings, remands, trials or reviews of this action, including the time limits for the filing of any motions or applications for extension of time pursuant to applicable law.

21. Notwithstanding the prior provision, counsel to the Parties is entitled to retain its own work product and a single archival copy of all documents filed with the Court, even if such materials contain Confidential or Attorney-Eyes-Only information. All documents retained by counsel shall continue to be subject to this Protective Order after the termination of this action.

22. Nothing in this Protective Order shall prevent or restrict any Party, its agents or its employees from using its own documents and its own Confidential and Attorneys-Eyes-Only information in its sole and complete discretion.

23. Any Party or person receiving Confidential or Attorneys-Eyes-Only information covered by this Order that receives a request or subpoena for production or disclosure of the Confidential or Attorneys-Eyes-Only information shall immediately give written notice to the Party who designated the information as Confidential or Attorneys-Eyes-Only and to its counsel, identifying the information sought and enclosing a copy of the subpoena or request. The person subject to the subpoena or other request shall not

produce or disclose the requested Confidentiality or Attorneys-Eyes-Only information without consent of the designating Party unless: (a) the designating Party fails to seek relief from the subpoena or request in a timely manner; or (b) notwithstanding the designating Party's request for relief, production or disclosure is ordered by a court of competent jurisdiction.

24. In order to facilitate the discovery of information and documents from non-parties that may be subpoenaed in this litigation the non-party shall be provided with a copy of this order and be deemed a designating Party hereunder, and shall be entitled to the same protections afforded a Party under this Protective Order

25. This Protective Order shall not prevent a Party or non-Party from applying to the Court for relief therefrom or from applying to the Court for further or additional protective orders.

SO ORDERED.

Dated: 3/12, 2012

*The within proposed order is adopted, except that if any party wishes to maintain the confidentiality of documents or information at trial, that party shall make an appropriate application to the trial judge, in advance of trial.*

_____
United States Magistrate Judge

Debra Freeman
**United States Magistrate Judge
Southern District of New York**

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WAGERLOGIC LIMITED,<br><br>        Plaintiff,<br><br>vs.<br><br>PARAMOUNT DIGITAL ENTERTAINMENT, a division of PARAMOUNT PICTURES CORPORATION,<br><br>        Defendant and<br>        Counter-Plaintiff,<br><br>vs.<br><br>CRYPTOLOGIC LIMITED and GAMING PORTALS LIMITED,<br><br>        Third-Party Defendants. | Civil Action No. 11 CV 4310(BSJ)(DCF) |

## AGREMENT TO COMPLY WITH STIPULATED PROTECTIVE ORDER

1.    I confirm that I have carefully read and will comply with all the provisions in the U.S. District Court for the Southern District of New York, a copy of which is attached hereto.

2.    I hereby confirm and reiterate that:

(A)    I will hold in confidence and will maintain the confidentiality of the "Confidential" or "Attorneys-Eyes-Only" information in accordance with the Stipulated Protective Order; will use, store, and maintain such material as to safeguard against the disclosure of such Confidential or Attorney-Eyes-Only information to any unauthorized person and I will use any such information imparted to me under the Stipulated Protective order for the purpose of the above litigation.

(B)    At the conclusion of this litigation I will return or destroy all such Confidential or Attorney-Eyes-Only information in my possession or control.

10

nydocs1-980188.1

(C) I agree to be subject to the continuing jurisdiction of the United States District Court for the Southern District of New York in connection with this Agreement and Order and the enforcement thereof.

IT WITNESS WHEREOF, I have caused this agreement to be executed this ___ day of _____, 2012

_____
Signature

11