UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WAGERLOGIC LIMITED,<br><br>                                Plaintiff,<br><br>vs.<br><br>PARAMOUNT DIGITAL ENTERTAINMENT, a division of PARAMOUNT PICTURES CORPORATION,<br><br>                     Defendant and<br>                     Counter-Plaintiff,<br><br>vs.<br><br>CRYPTOLOGIC LIMITED and GAMING PORTALS LIMITED,<br><br>                   Third-Party Defendants. | Civil Action No. 11 CV 4310(BSJ)(DCF)<br><br>**DECLARATION OF JEFFREY E. GLEN IN SUPPORT OF MOTION TO SERVE AND FILE AN AMENDED AND SUPPLEMENTAL COMPLAINT** |

Jeffrey E. Glen declares the following:

I am one of the attorneys at Anderson, Kill & Olick, P.C. representing plaintiff WagerLogic Limited in this action. I make this declaration in support of plaintiff's motion to serve and file an amended and supplemental complaint. A copy of the proposed amended and supplemental complaint is attached hereto as Exhibit A.

    1.    Plaintiff WagerLogic Limited ("WagerLogic") commenced this action by the filing of a complaint on June 24, 2011. The complaint was served on September 29, 2011. The only relief sought in the complaint as originally filed was a declaratory judgment.

    2.    Defendant Paramount Digital Entertainment, a division of Paramount Pictures Corporation ("Paramount"), served and filed an answer on October 18, 2011. The answer included a third-party complaint against CryptoLogic Limited

1

("CryptoLogic") and Gaming Portals Limited ("GPL"), and counterclaims against WagerLogic.

3. On November 22, 2011, WagerLogic moved for partial summary judgment, seeking entry of judgment declaring that WagerLogic had not breached its obligations under a Licensing Agreement between WagerLogic and Paramount.

4. On December 2, 2011, CryptoLogic and GPL filed answers to the third-party complaints, and WagerLogic filed an amended reply to the counterclaims contained in the Paramount answer.

5. On December 13, 2011, an initial pretrial conference was held before Magistrate Judge Freeman, after which she entered a scheduling order. The scheduling order provides that "Motions to amend the pleadings or to join any additional parties shall be served and filed not later than March 23, 2012." This date was later extended by court order to April 30, 2012.

6. On April 4, 2012, at a telephonic pretrial conference with Magistrate Judge Freeman, WagerLogic informed her that it intended to make a motion to amend its complaint and that in light thereof it had withdrawn the pending motion for partial summary judgment.

7. At that same pretrial conference, in light of the proposed submission of a motion to amend the complaint, and the comment of counsel for defendant that it too intended to amend its affirmative pleadings, Magistrate Judge Freeman stayed discovery and instructed counsel to provide the proposed amended

pleadings to their respective adversaries. In the event that consent to the amendment was not obtained, any party wishing to amend its pleading was to do so by motion filed by April 30, as *per* the scheduling order. Magistrate Judge Freeman's rulings were incorporated in a modification to the scheduling order docketed April 25,

8. On April 11, 2012, I sent Robert Gage, Esq., attorney for Paramount, the proposed amended and supplemental complaint that accompanies this motion. On April 20, 2012, Mr. Gage told me on a telephone call that he was not yet instructed as to whether he could consent to the filing of the proposed amended pleading, but that he anticipated being able to do so some time in the week of April 23. He also told me that he anticipated providing me with a proposed amended pleading on behalf of Paramount in the same time frame.

9. As of the time of the signing of this declaration, I have not had further word from Mr. Gage regarding defendant's consent, or refusal to consent, to the filing of the proposed amended pleading. I have also not yet received any proposed amended pleading on behalf of Paramount

10. At the April 4, 2012, pretrial conference, counsel and the Court also discussed the possible commencement of settlement negotiations. I have provided Mr. Gage with the name of an individual who is available to enter into such negotiations on behalf of WagerLogic and its sister and parent companies, and Mr. Gage has provided me with the name of a person who can conduct such negotiations on behalf of Paramount. Immediately before I signed this declaration I spoke by telephone with

plaintiff's general counsel, and as far as he is aware the parties have not yet arranged to commence negotiations.

11. Because of the short time frame, WagerLogic is filing today its motion to amend its complaint. Of course, in the event that settlement negotiations commence, or if Paramount agrees to the amendment, I shall promptly inform the court, and if consent to the amendment is obtained I shall withdraw this motion...

12. The proposed amended and supplemental complaint repeats the declaratory judgment claims made in the complaint as originally filed and adds several further claims. Essentially the proposed pleading seeks money damages for losses WagerLogic claims to have suffered through Paramount's actions and omissions since the action was filed, additional declaratory relief regarding Paramount's activities in negotiating for and possibly entering into agreements to convey to WagerLogic's competitors some of the intellectual property that WagerLogic licensed from Paramount in the Licensing Agreement that is the centerpiece of this litigation, and related injunctive relief.

13. Discovery has scarcely begun; and as noted above it is currently stayed. No depositions have yet been held or scheduled. In these circumstances, leave to amend or, as here, to amend and supplement, is routinely granted. See plaintiff's memorandum of law in support of its motion to amend, served and filed herewith.

WHEREFORE, I respectfully request that the motion be granted.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 26, 2012.

Jeffrey E. Glen