UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WAGERLOGIC LIMITED,<br><br>                Plaintiff,<br><br>vs.<br><br>PARAMOUNT DIGITAL ENTERTAINMENT, a division of PARAMOUNT PICTURES CORPORATION,<br><br>              Defendant and<br>              Counter-Plaintiff,<br><br>vs.<br><br>CRYPTOLOGIC LIMITED and GAMING PORTALS LIMITED,<br><br>              Third-Party Defendants. | Civil Action No. 11 CV 4310(BSJ)(DCF)<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SERVE AND FILE AN AMENDED AND SUPPLEMENTAL COMPLAINT** |

       Plaintiff WagerLogic Limited ("WagerLogic") submits this memorandum of law in support of its motion to amend its complaint. The proposed amended pleading is attached to the Declaration of Jeffrey E. Glen, dated April 26, 2012, submitted herewith.

### THE RELEVANT FACTS

       The relevant facts are set out in the Glen Declaration, filed herewith.

       Briefly, this action was commenced by the filing of a complaint against Paramount Digital Entertainment, a division of Paramount Pictures Corp. ("Paramount") on June 24, 2011. The complaint was served September 29, 2011. In the complaint as originally filed, plaintiff sought only declaratory relief. Issue was joined, counterclaims were alleged, and CryptoLogic Limited ("CryptoLogic") and Gaming Portals Limited ("GPL") were added as third-party defendants. CryptoLogic is the parent company of WagerLogic; GPL is a sister subsidiary of CryptoLogic.

At issue in this litigation is the right of WagerLogic to continue to use certain intellectual property owned by Paramount and licensed to WagerLogic. Between the commencement of the action and now, WagerLogic has lost revenues due to Paramount's refusal to approve certain further uses of its intellectual property. A claim by WagerLogic for money damages is now ripe. Also, allegations regarding alleged sublicensing and assignment of rights, made subsequent to the filing of the original complaint, have been made by Paramount, calling for additional declaratory relief.

## **ARGUMENT**

Since the complaint was serve, little other than the first rounds of pleading has occurred. Requests for document discovery have been exchanged, but document production has not started. Most significantly, the scheduling order currently in place in this litigation permits the parties to move to amend their pleadings through April 30, 2012.

At this early stage of litigation, where amended pleading has been contemplated by the parties and the application to amend is timely under the terms of the scheduling matter, amendment ought to be granted as a matter of course. In *Foman v. Davis,* 371 U.S. 178, 182 (1962) the Supreme Court so construed the instruction of Rule 15 of the Federal Rules of Civil Procedure:

> Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded. See generally, 3 Moore, Federal Practice (2d ed. 1948), 15.08, 15.10. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be 'freely given.

This Court routinely follows the counsel of *Foman* in granting the right to amend absent prejudice or undue delay. See, e.g., *Castillo v. Rodas*, 2011 WL 4357189 (S.D.N.Y. Sept. 19, 2011, Jones, D.J.); *Teva Pharmaceuticals USA Inc. v. Sandoz, Inc.*, 2010 WL 3910177 (S.D.N.Y. Sept. 21, 2010, Jones, D.J.). When a motion to amend is made within the period specified in a scheduling order, it is presumptively timely, *In re Pfizer Inc. Securities Litigation*, 2012 WL 983548, *2 (S.D.N.Y. March 22, 2012).

The amendment and supplementation herein, to enable plaintiff to seek the damages and injunctive relief to which events and information subsequent to the original filing give rise, is clearly proper under the applicable law.

## CONCLUSION

For the reasons stated herein, the motion should be granted.

Dated:  New York, New York
April 26, 2012

ANDERSON KILL & OLICK, P.C.

By: _____
Lawrence Kill (LK-2685)
Jeffrey E. Glen (JG-8277)
1251 Avenue of the Americas
New York, NY 10020
Tel: 212-278-1722

Attorneys for Plaintiff WagerLogic Limited

nydocs1-986889.1