UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ECF Case

WAGERLOGIC LIMITED,

Plaintiff and Counter-Defendant,

Civil Action No. 11 CV 4310 (BSJ)(DCF)

- against -

PARAMOUNT DIGITAL ENTERTAINMENT, a division of PARAMOUNT PICTURES CORPORATION,

Defendant and Counter-Plaintiff,

- against -

CRYPTOLOGIC LIMITED, and GAMING PORTALS LIMITED,

Third-Party Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF PARAMOUNT DIGITAL ENTERTAINMENT'S MOTION FOR LEAVE TO AMEND AND SUPPLEMENT THE STATEMENT OF COUNTERCLAIMS AND THIRD-PARTY COMPLAINT AND TO JOIN AS DEFENDANTS WAGERLOGIC CASINO SOFTWARE LIMITED AND AMAYA GAMING GROUP INC.**

GAGE SPENCER & FLEMING LLP
410 Park Avenue
New York, New York 10022
Telephone: (212) 768-4900
Facsimile: (212) 768-3629
*Counsel for Paramount Digital Entertainment, a Division of Paramount Pictures Corporation*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ... *ii*

PRELIMINARY STATEMENT ... 1

STATEMENT OF PROCEDURAL HISTORY AND RELEVANT FACTS ... 2

ARGUMENT ... 2

**I. PARAMOUNT SHOULD BE GRANTED LEAVE TO AMEND, INCLUDING TO JOIN WL CASINO AS THIRD-PARTY DEFENDANT** ... 2

**II. PARAMOUNT SHOULD BE GRANTED LEAVE TO SUPPLEMENT, INCLUDING TO JOIN AMAYA AS THIRD-PARTY DEFENDANT** ... 6

A. Leave to Supplement the Pleadings is To Be Freely Granted ... 7

B. Amaya Acquired Cryptologic More Than Five Months After Paramount Filed Its Original Complaint ... 7

C. Amaya is a Proper Third-Party Defendant ... 8

**III. THE JOINDER OF WL CASINO AND AMAYA AS ADDITIONAL THIRD-PARTY DEFENDANTS IS PROPER AND IS IN THE INTERESTS OF JUDICIAL ECONOMY** ... 9

CONCLUSION ... 11

# TABLE OF AUTHORITIES

Page(s)

## U.S. Supreme Court Cases

Foman v. Davis
371 U.S. 178 (1962)....................2, 3, 6

Griffin v. County School Bd. of Prince Edward Cty.
377 U.S. 218 (1964)....................9

United Mine Workers v. Gibbs
383 U.S. 715 (1966)....................10

## U.S. Circuit Court of Appeals Cases

AEP Energy Servs. Gas Holding Co. v. Bank of Am.
626 F.3d 699 (2d Cir. 2010)....................6

Bornholdt v. Brady
869 F.2d 57 (2d Cir. 1989)....................9

Fitzgerald Publishing Co., Inc. v. Baylor Publishing Co.
807 F.2d 1110 (2d Cir. 1986)....................9

Island Software and Computer Service, Inc. v. Microsoft Corp.
413 F.3d 257 (2d Cir. 2004).................... 6

Milanese v. Rust-Oleum Corp.
244 F.3d 104 (2d Cir. 2001)....................6

Quarantino v. Tiffany & Co.
71 F.3d 58 (2d Cir. 1995)....................7,9

Shapiro, Bernstein & Co., Inc. v. H. L. Green Co., Inc.
316 F.2d 304 (2d Cir. 1963)....................8

## United States District Court Cases

Barnhart v. Town of Parma
252 F.R.D. 156 (W.D.N.Y. 2008)....................10

Fair Housing Development Fund Corp. v. Burke
55 F.R.D. 414 (E.D.N.Y. 1972)....................9

Gary Friedrich Enters., LLC v. Marvel Enters., Inc.
08-CV-1533 (BSJ)(JCF), 2011 U.S. Dist LEXIS 30685
(S.D.N.Y. March 22, 2011)....................8, 9, 10

Intersource, Inc. v. Kidder Peabody & Co. Inc.
90 CIV. 7389 (PKL), 1992 U.S. Dist. LEXIS 17740
(S.D.N.Y. Nov. 20, 1992)....................3

Kehr v. Yamaha Motor Corp.
596 F.Supp.2d 821 (S.D.N.Y. 2008)....................10

Novak v. National Broadcasting Co.
724 F.Supp. 141 (S.D.N.Y. 1989)....................7

Soler v. G & U, Inc.
86 F.R.D. 524 (S.D.N.Y. 1980) ....................9

**Federal Statutes**

17 U.S.C. § 106(3).................... 6

**Federal Rules**

Fed. R. Civ. P. 15(a) ....................2,5

Fed. R. Civ. P. 15(d)....................7, 9

Fed. R. Civ. P. 20(a)....................9

Defendant, Counter-Plaintiff and Third-Party Plaintiff Paramount Digital Entertainment, a division of Paramount Pictures Corporation ("Paramount"), by its attorneys Gage Spencer & Fleming LLP, respectfully submits this memorandum of law in support of its motion pursuant to Federal Rules of Civil Procedure 15(a)(2), 15(d) and 20(a)(2) for leave to amend and supplement the Statement of Counterclaims and Third-Party Complaint dated October 18, 2011, to join additional parties and to add additional facts.

## PRELIMINARY STATEMENT

Paramount should be permitted to amend and supplement its Counterclaims and Third-Party Complaint based on recent events and newly disclosed facts which reveal further unauthorized exploitation of its intellectual property. On April 11, 2012, following its filing and subsequent withdrawal of a pre-discovery summary judgment motion, plaintiff and counter-defendant WagerLogic Limited ("WagerLogic") provided Paramount with its own proposed amended and supplemental complaint. In its proposed new complaint, WagerLogic admits for the first time that in 2010 it sold its rights and obligations under its Merchandising License Agreement with Paramount (the "License Agreement") to third-party defendant Gaming Portals ("Gaming Portals") in direct violation of the License Agreement's anti-assignment provision. WagerLogic also revealed an even more elaborate scheme of transactions in which it sold those rights and obligations to a second, hitherto unknown and undisclosed entity called WagerLogic Casino Software Limited ("WL Casino").

WagerLogic failed to disclose the full extent of the unauthorized exploitation of Paramount's properties until it provided Paramount with its proposed new complaint on April 11, 2012. In fact, until that time, WagerLogic, Gaming Portals and third-party defendant Cyrptologic Limited ("Cryptologic") had each explicitly denied any assignment, transfer,

delegation or sublicense in its previous submissions to the Court, even "stat[ing] affirmatively that WagerLogic did not assign its rights and obligations under the Agreement to Gaming Portals."

The April 11, 2012 revelation came less than two weeks after Cryptologic, WagerLogic's parent, was acquired by yet a third entity called Amaya Gaming Group Inc., ("Amaya"), a company supposedly based in Canada that claims it has now "inherited" Paramount's content. Cryptologic's acquisition—a fact initially discovered by Paramount through press releases and public disclosures—constitutes yet another unauthorized assignment of Paramount's property.

Paramount now respectfully moves for leave to file an Amended and Supplemental Statement of Counterclaims and Third-Party Complaint, joining WL Casino and Amaya as third-party defendants and adding additional facts.

## STATEMENT OF PROCEDURAL HISTORY AND RELEVANT FACTS

Paramount respectfully refers the Court to the accompanying Declaration of G. Robert Gage, Jr. dated April 30, 2012 ("Gage Declaration") for a statement of the relevant procedural history and relevant facts, as well as to Paramount's proposed Amended and Supplemental Statement of Counterclaims and Third-Party Complaint (the "Proposed PDE Complaint") attached thereto as "Exhibit A."

## ARGUMENT

### I. Paramount Should Be Granted Leave to Amend, Including to Join WL Casino as Third-Party Defendant

It is well-settled that leave to amend the pleadings is to be freely given absent a specific justification for denial. FED. R. CIV. P. 15(a)(2); see also Foman v. Davis, 371 U.S. 178,

182 (1962); Intersource, Inc. v. Kidder Peabody & Co. Inc., 90 CIV. 7389 (PKL), 1992 U.S. Dist. LEXIS 17740, at *4 (S.D.N.Y. Nov. 20, 1992) (citing Foman, 371 U.S. at 182).

From the time that Paramount sent WagerLogic the second termination notice dated August 17, 2011, informing WagerLogic of its additional material breaches of the License Agreement by virtue of its assignment, delegation, transfer and/or sublicense of its rights and obligations to Gaming Portals, WagerLogic, Cryptologic and Gaming Portals have provided Paramount with inconsistent, incomplete and incorrect information regarding Gaming Portals and the assignments that took place in the summer of 2010.

At certain points in this litigation, WagerLogic, Cryptologic and Gaming Portals flatly denied that any such assignment had taken place. First, in response to Paramount's assertion in the August 17, 2011 termination notice that the most recent royalty statement had come from Gaming Portals, rather than from WagerLogic or Cryptologic as it had previously, WagerLogic stated that the statement had been sent as a result of a "clerical error" and provided Paramount with a new royalty statement, this time from WagerLogic. See Gage Decl., Ex. A,[1] ¶¶ 86-88. Second, in response to the Original PDE Complaint, WagerLogic, Cryptologic and Gaming Portals all specifically denied that any assignment, transfer, delegation and/or sublicensing of WagerLogic's rights and obligations under the License Agreement to Gaming Portals had occurred. See Ex. D, ¶¶ 59, 62-63; Ex. E, ¶¶ 59, 62-63; Ex. F, ¶¶ 59, 62-63; Ex. G, ¶¶ 59, 62-63. Finally, in its Reply to Paramount's Counterclaims—which WagerLogic amended ten days after filing and serving the original contemporaneously with a pre-discovery motion for summary judgment—WagerLogic "state[d] affirmatively that *WagerLogic did not assign its rights and obligations under the Agreement to Gaming Portals.*" Ex. D, ¶ 59; Ex. E, ¶ 59

---

1 All references to exhibits herein refer to exhibits attached to the Gage Declaration.

(emphasis added).[2]

Notwithstanding those outright denials, WagerLogic at other times provided Paramount with inconsistent and incomplete information with respect to Gaming Portals and which entity initially released, and continues to distribute, the Licensed Games. Strikingly, in amending its Original Reply, WagerLogic indicated that it is not the entity currently distributing the Licensed Games on the internet. In its Original Reply,

> [WagerLogic] "[a]dmit[ed] that **WagerLogic** has continued to publicly distribute three Licensed Games themed to Paramount's Motion Picture properties on the internet..."

Ex. D, ¶ 50 (bold added). However, in its Amended Reply, WagerLogic dropped itself as a distributor but

> [WagerLogic] "[a]dmits that three Licensed Games themed to Paramount's Motion Picture properties continue to be distributed on the internet...."

Ex. E, ¶ 50. In effect, WagerLogic has admitted that it is not even the entity distributing the Licensed Games on the internet.[3] Furthermore, in their Rule 26(a) Initial Disclosures dated January 6, 2012, WagerLogic, Cryptologic and Gaming Portals for the first time referenced an

---

2 Cryptologic and Gaming Portals made this same affirmative statement in their respective Replies. See Ex. F, ¶ 59; Ex. G, ¶ 59. Additionally, Gaming Portals has contested personal jurisdiction in this matter. See Ex. G, ¶¶ 12, 15.

3 Similarly, in the Amended Reply WagerLogic dropped itself as the entity that had initially released and distributed the Licensed Games on the internet. The Original Reply stated that:

> [WagerLogic] "[a]dmits that as of September 2010, **WagerLogic** had released and distributed three Licensed Games themed to Paramount Motion Picture properties on the internet..."

Ex. D, ¶ 29 (bold added). WagerLogic then amended its Original Reply and dropped any reference to itself as a distributor, stating only that:

> [WagerLogic "[a]dmits that as of September 2010, the three Licensed Games themed to Paramount Motion Picture properties had been released on the internet...."

Ex. E, ¶ 29.

"Agreement between WagerLogic Limited and Gaming Portals Limited dated June 30, 2010" as well as "contracts between on or more Cryptologic Parties and third parties referencing the intellectual property that is the subject of the [License] Agreement," but did not state the nature or terms of those contracts. See Ex. I, p. 2.

Now, WagerLogic has withdrawn its pre-discovery summary judgment motion and now seeks to amend its complaint to add a claim for declaratory judgment regarding the assignment issue, previously dismissed by it as "entirely irrelevant." See Ex. H, p. 1. In the factual allegations that WagerLogic claims entitle it to such declaratory relief, WagerLogic admits, for the first time and in direct contrast to its previous pleadings and those of Cryptologic and Gaming Portals, that: (1) WagerLogic, on or about June 30, 2010, sold "the principal operating assets of its software and support business...to [Gaming Portals]," (see Ex. K, ¶ 69); (2) Gaming Portals then, on or about July 1, 2010, and sold the rights it had bought from WagerLogic to a third company, WL Casino (id., ¶ 70); (3) WL Casino, on or about July 1, 2010, licensed those rights back to Gaming Portals (id.); and (4) together WL Casino and Gaming Portals entered into various ensuing agreements with third parties to distribute the games crafted under the License Agreement (id., ¶ 71).[4] As such, WagerLogic in essence concedes that it violated the anti-assignment provision of the License Agreement at least twice in the summer of 2010, and that WL Casino, an entity whose existence was hitherto entirely unknown to Paramount, and an extant third-party defendant, Gaming Portals, have continued to distribute the Licensed Games on the internet without Paramount's authorization.

Thus, under the standard established under Rule 15(a), Paramount should be

[4] These new disclosures required—and continue to require—Paramount's review and analysis. See Gage Decl., ¶ 14.

granted leave to amend.[5] Moreover, Paramount states "legally cognizable claim[s]" against WL Casino for declaratory judgment and for copyright infringement.[6] AEP Energy Servs. Gas Holding Co. v. Bank of Am., 626 F.3d 699, 725-726 (2d Cir. 2010) (citing Milanese v. Rust-Oleum Corp., 244 F.3d 104, 110-11 (2d Cir. 2001)). Indeed, WagerLogic freely admits in its proposed Amended and Supplemental Complaint that WL Casino, along with Gaming Portals, and without Paramount's authorization:

> entered into various agreements with third-party casino operators, which enabled those operators to offer for internet access casual gambling style games, *including games themed to the property that is the subject of the License Agreement.*

Ex. K, ¶ 71 (emphasis added). In addition, based on the new information WagerLogic has just disclosed, Paramount also seeks to add additional factual allegations in support of the existing claims it has against WagerLogic (for breach of the anti-assignment provision of the License Agreement), and against WagerLogic, Cryptologic and Gaming Portals (for declaratory judgment and copyright infringement).

## II.

## Paramount Should Be Granted Leave to Supplement, Including to Join Amaya as Third-Party Defendant

Paramount also seeks leave to supplement its Original Complaint: (i) to add factual allegations regarding the recent acquisition of Cryptologic by Amaya, and (ii) to join

---

5 In order for a district court to depart from the well-established policy of liberally permitting amendment of the pleadings and to deny Paramount's motion, the district court must find a specific justification, such as (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to clear defects in previously allowed amendments, (4) undue prejudice to the non-moving party or (5) futility of the amendment. Foman, 371 U.S. at 182. None of these factors is present here.

6 To prevail on a claim of copyright infringement under the federal Copyright Act, a plaintiff must prove that (1) the plaintiff had a valid copyright in the work allegedly infringed, and (2) the defendant infringed the plaintiff's copyright by violating one of the exclusive rights bestowed upon a copyright owner by the statute – such as the right "to distribute copies...of the copyrighted work to the public by sale or other transfer of ownership." Island Software and Computer Service, Inc. v. Microsoft Corp., 413 F.3d 257, 260-61 (2d Cir. 2004) (quoting 17 U.S.C. § 106(3)).

Amaya as a third-party defendant to Paramount's declaratory judgment and copyright infringement claims.

A. Leave to Supplement the Pleadings is To Be Freely Granted

Pursuant to Federal Rule of Civil Procedures 15(d), a district court may grant a party leave to supplement a pleading "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented" on reasonable notice and "just terms." FED. R. CIV. P. 15(d). Supplemental amendment by leave of court shall be freely given as with amended pleadings. Novak v. Nat'l Broad. Co., 724 F.Supp. 141, 145 (S.D.N.Y. 1989). See Quarantino v. Tiffany & Co., 71 F.3d 58, 66 (2d Cir. 1995) (absent a showing of undue delay, bad faith, dilatory tactics, undue prejudice or futility, court should grant leave to supplement).

B. Amaya Acquired Cryptologic More than Five Months After Paramount Filed Its Original Complaint

On March 28, 2012, Amaya completed a cash offer whereby it acquired Cryptologic, the parent of WagerLogic and the guarantor of WagerLogic's performance under the License Agreement. See Ex. A, ¶¶ 99, 106. This acquisition took place more than five months after Paramount filed its Original Complaint and was initially made known to Paramount through Amaya and/or Cryptologic's public announcements and press releases. See id., ¶ 117. By virtue of the acquisition, Amaya's personnel replaced Cryptologic's management and half of Cryptologic's Board of Directors (see id., ¶ 100); and Cryptologic is or will soon be delisted from the three stock exchanges on which its shares were previously traded (see id., ¶ 103). Neither WagerLogic, Cryptologic nor Amaya sought Paramount's prior written consent for any assignment, transfer, delegation or sublicense of WagerLogic's rights and obligations to Amaya, nor did Paramount at any time give its consent, written or otherwise. See id., ¶¶ 116, 118.

C. Amaya is a Proper Third-Party Defendant

Amaya's acquisition of Cryptologic constitutes an additional breach of the anti-assignment provision of the License Agreement by WagerLogic. First, Amaya is now in control of the entities which are distributing Paramount's content without authorization (Cryptologic, WagerLogic, Gaming Portals and WL Casino). Second, Amaya itself believes it is taking over control of Paramount's properties. Amaya has admitted to Paramount that it believed the acquisition would cause it to "soon inherit [Paramount's] content" for which it has "big plans." See Ex. A, ¶ 97. Amaya also stated that it believed that Paramount "would be pleased with the change and management and control of Cryptologic" after the acquisition took place. See id., ¶ 98.

Accordingly, Amaya is a proper defendant to Paramount's existing declaratory judgment and copyright infringement claims. See, e.g., Shapiro, Bernstein & Co., Inc. v. H. L. Green Co., Inc., 316 F.2d 304 (2d Cir. 1963) (under the federal Copyright Act, a party may be held vicariously liable for another party's infringement "[w]hen the right and ability to supervise [the infringing party's activities] coalesce with a direct financial interest in the exploitation of copyrighted materials..."); see also Gary Friedrich Enters., LLC v. Marvel Enters., Inc., 08-CV-1533 (BSJ)(JCF), 2011 U.S. Dist LEXIS 30685, *21-22 (S.D.N.Y. March 22, 2011) (parent company's declarations of continued usage of allegedly infringing copyright material, including statements in its annual report expressing intent "to distribute all [subsidiary] produced films" and to "successfully integrate [subsidiary] products into the combined company's various distribution channels," were sufficient to state a claim under the Copyright Act on a theory of vicarious copyright infringement).

Accordingly, Paramount should be granted leave to supplement its Original

Complaint to add these facts and to join Amaya as a third-party defendant. See, e.g. Quarantino, 71 F.3d at 66 ("A supplemental pleading should be freely permitted when the supplemental facts connect it to the original pleading.") (citing Bornholdt v. Brady, 869 F.2d 57, 68 (2d Cir. 1989)).

III.

**The Joinder of WL Casino and Amaya as Additional Third-Party Defendants is Proper and Is In the Interests of Judicial Economy**

The same standard that governs the granting of leave to amend or supplement pleadings under Federal Rule of Civil Procedure 15 governs the district court's determination as to whether to permit joinder of additional parties by such amendment. Friedrich, 2011 U.S. Dist LEXIS 30685 *8 (citing, inter alia, Soler v. G & U, Inc., 86 F.R.D. 524, 528 (S.D.N.Y. 1980) (quoting Fair Hous. Dev. Fund Corp. v. Burke, 55 F.R.D. 414, 419 (E.D.N.Y. 1972))); see also Griffin v. County Sch. Bd. of Prince Edward County, 377 U.S. 218, 227 (1964) ("Rule 15 (d) of the Federal Rules of Civil Procedure plainly permits supplemental amendments to cover events happening after suit, and it follows, of course, that persons participating in these new events may be added if necessary."). As with leave to amend or supplement a pleading with additional facts, leave to join additional parties will be permitted absent undue delay, bad faith, prejudice, or futility. Friedrich, 2011 U.S. Dist. LEXIS 30685, at *8.

WL Casino and Amaya are properly joined as third-party defendants to Paramount's existing claims for declaratory judgment and copyright infringement.[7] As set forth

[7] The Federal Rules of Civil Procedure permit the joinder of defendants in a single action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2). As alleged co-infringers of Paramount's copyrighted works, WL Casino and Amaya are liable jointly, severally or in the alternative with each other and with WagerLogic, Cryptologic and Gaming Portals. Fitzgerald Publ'g Co., Inc. v. Baylor Publ'g Co., 807 F.2d 1110, 1116 (2d Cir. 1986). The claims Paramount has against WL Casino and Amaya, on the one hand, and against WagerLogic, Cryptologic and Gaming Portals, on the other, arise out of the unauthorized distribution of same

above, Paramount has viable claims against both entities, based on newly disclosed facts and recent events. With no issue of undue delay, bad faith, prejudice, or futility, the joinder of WL Casino and Amaya as third-party defendants to this action should be permitted. Friedrich, 2011 U.S. Dist. LEXIS 30685, at *8.

Furthermore, judicial economy dictates that Paramount be granted leave to amend to join WL Casino and Amaya as third-party defendants, rather than be forced to bring a separate action against them for their unauthorized exploitation of the same Paramount property, and in violation of the same License Agreement, at issue in the instant action. Where possible, courts favor adjudicating all claims at once to facilitate judicial economy. See Kehr v. Yamaha Motor Corp., 596 F.Supp.2d 821, 827-28 (S.D.N.Y. 2008); see also United Mine Workers v. Gibbs, 383 U.S. 715, 724 (1966) ("[T]he impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged."). The adjudication of newly realized claims against WL Casino and Amaya in the present action alleviates Paramount from having to re-litigate these matters later and, therefore, promotes the efficient usage of judicial resources. Barnhart v. Town of Parma, 252 F.R.D. 156, 160 (W.D.N.Y. 2008) (holding when various claims are logically connected judicial economy and fairness favors their resolution in a single lawsuit). Accordingly, joinder of Amaya and WL Casino should be permitted.

---

intellectual properties (Paramount's Motion Picture Properties) after the termination by Paramount of the same contract (the License Agreement) and involve the same questions of law or fact.

CONCLUSION

Based on the foregoing, Paramount Digital Entertainment, respectfully asks that the Court grant its motion for leave to amend and supplement its Statement of Counterclaims and Third-Party Complaint.

Dated: New York, New York
April 30, 2012

GAGE SPENCER & FLEMING LLP

G. Robert Gage, Jr.
grgage@gagespencer.com
Ashley Rebecca Garman
agarman@gagespencer.com
410 Park Avenue, Suite 900
New York, New York 10022
Telephone: (212) 768-4900
Facsimile: (212) 768-3629
*Attorneys for Paramount Digital Entertainment, a Division of Paramount Pictures Corporation*