UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WAGERLOGIC LIMITED,

Plaintiff,

vs.

PARAMOUNT DIGITAL ENTERTAINMENT, a
division of PARAMOUNT PICTURES
CORPORATION,

Defendant and
Counter-Plaintiff,

vs.

CRYPTOLOGIC LIMITED, GAMING PORTALS
LIMITED, WAGERLOGIC CASINO SOFTWARE
LIMITED, and AMAYA GAMING GROUP INC.

Third-Party Defendants.

Civil Action No. 11 CV 4310(BSJ)(DCF)

**ANSWER OF
WAGERLOGIC CASINO SOFTWARE
LIMITED TO PARAMOUNT'S FIRST
AMENDED AND SUPPLEMENTAL
THIRD-PARTY COMPLAINT**

Third-party Defendant WagerLogic Casino Software Limited ("WL Casino")

for its Answer to the Amended Third Party Complaint ("ATPC") of Defendant Paramount

Digital Entertainment, a division of Paramount Pictures Corporation ("Paramount"),

states as follows:

      1.      Denies the allegations of paragraph 1 of the ATPC, but admits that

WagerLogic Ltd. ("WagerLogic"), which is a wholly owned subsidiary of CryptoLogic

Limited ("CryptoLogic"), and Paramount entered into a License Agreement (the

"Agreement") as defined in paragraph 3 of  WagerLogic's Amended Complaint, and

refers the Court to the text of that Agreement for its terms.

      2.      Denies the allegations of paragraph 2 of the ATPC.

      3.      Admits that CryptoLogic provided a Guaranty to Paramount in

connection with the Agreement (the "Guaranty"), which Guaranty constitutes Exhibit D

to the Agreement, refers the Court to the text of the Guaranty for its terms, and denies
the remaining allegations of paragraph 3 of the ATPC.

    4.     Denies the allegations of paragraph 4 of the ATPC.

    5.     Denies the allegations of paragraph 5 of the ATPC.

    6.     Denies the allegations of paragraph 6 of the ATPC

    7.     Denies knowledge or information sufficient to form a belief as to the
truth of the allegations contained in paragraph 7 of the ATPC.

    8.     Denies that WagerLogic maintains its principal place of business at
41-49 Agiou Nicolaou Street, Nimeli Court, Block A, 3rd Floor, Engomi, 2408 Nicosia,
Cyprus, admits that it maintains its registered offices at the cited location, and otherwise
admits the allegations of paragraph 8 of the ATPC, with the correction that the current
address for notices of WagerLogic is "WagerLogic Ltd c/o CryptoLogic Ltd.," at the
street and city address stated in this paragraph of the ATPC.

    9.     Admits the allegations of paragraph 9 of the ATPC.

    10.    Admits the allegations of paragraph 10 of the ATPC.

    11.    Denies that WL Casino maintains its principal place of business at
Vincenti Buildings, Suite 358, 14/19 Strait Street, Valletta, VLT 1432, Malta, admits that
it maintains its registered offices at the cited location, and otherwise admits the
allegations of paragraph 11 of the ATPC

    12.    Admits the allegations of paragraph 12 of the ATPC.

    13.    Denies, in response to paragraph 13 of the ATPC, that this Court
has jurisdiction over WL Casino, a corporation that does no business in the United
States, pursuant to 28 U.S.C. section 1332(a), admits that the matter in controversy

2

exceeds the sum or value of $75,000, exclusive of interest and costs, and respectfully refers the Court to the responses of WagerLogic, and of the other named third-party defendants, regarding the remaining allegations of this paragraph.

14.     Denies that this matter presents a federal question, and therefore denies the allegations of paragraph 14 of the ATPC.

15.     As the allegations of paragraph 15 of the ATPC are directed solely against WagerLogic and CryptoLogic, WLCasino declines to respond to those allegations and respectfully refers the Court to the answers of WagerLogic and CryptoLogic to the allegations of this paragraph.

16.     In response to paragraph 16 of the ATPC, denies that this Court has personal jurisdiction over WLCasino pursuant to N.Y. CPLR sections 301 and 302, and respectfully refers the Court to the answers of WagerLogic and the remaining third-party defendants regarding the remaining allegations of this paragraph.

17.     In response to paragraph 17 of the ATPC, denies that venue over WL Casino is proper in this district under 28 U.S.C. section 1391(a), and respectfully refers the Court to the answers of WagerLogic and of the remaining third-party defendants, regarding the remaining allegations of this paragraph.

18.     As paragraph 18 purports to state propositions of law, no responsive pleading is required.

19.     As the allegations of paragraph 19 of the ATPC are directed solely against WagerLogic, WL Casino declines to respond to those allegations and respectfully refers the Court to the answer of WagerLogic to the Amended Counterclaims.

3

20.     As the allegations of paragraph 20 of the ATPC are directed solely against WagerLogic, WL Casino declines to respond to those allegations and respectfully refers the Court to the answer of WagerLogic to the Amended Counterclaims.

21.     As the allegations of paragraph 21 of the ATPC are directed solely against WagerLogic, WL Casino declines to respond to those allegations and respectfully refers the Court to the answer of WagerLogic to the Amended Counterclaims.

22.     As the allegations of paragraph 22 of the ATPC are directed solely against WagerLogic, WL Casino declines to respond to those allegations and respectfully refers the Court to the answer of WagerLogic to the Amended Counterclaims.

23.     As the allegations of paragraph 23 of the ATPC are directed solely against WagerLogic, WL Casino declines to respond to those allegations and respectfully refers the Court to the answer of WagerLogic to the Amended Counterclaims.

24.     As the allegations of paragraph 24 of the ATPC are directed solely against WagerLogic, WL Casino declines to respond to those allegations and respectfully refers the Court to the answer of WagerLogic to the Amended Counterclaims.

25.     As the allegations of paragraph 25 of the ATPC are directed solely against WagerLogic, WL Casino declines to respond to those allegations and

4

respectfully refers the Court to the answer of WagerLogic to the Amended
Counterclaims.

26.    As the allegations of paragraph 26 of the ATPC are directed solely
against WagerLogic, WL Casino declines to respond to those allegations and
respectfully refers the Court to the answer of WagerLogic to the Amended
Counterclaims.

27.    As the allegations of paragraph 27 of the ATPC are directed solely
against WagerLogic, WL Casino declines to respond to those allegations and
respectfully refers the Court to the answer of WagerLogic to the Amended
Counterclaims.

28.    As the allegations of paragraph 28 of the ATPC are directed solely
against WagerLogic, WL Casino declines to respond to those allegations and
respectfully refers the Court to the answer of WagerLogic to the Amended
Counterclaims.

29.    As the allegations of paragraph 29 of the ATPC are directed solely
against WagerLogic and CryptoLogic, WL Casino declines to respond to those
allegations and respectfully refers the Court to the answer of WagerLogic to the
Amended Counterclaims and the answer of CryptoLogic to the ATPC.

30.    As the allegations of paragraph 30 of the ATPC are directed solely
against WagerLogic and CryptoLogic, WL Casino declines to respond to those
allegations and respectfully refers the Court to the answer of WagerLogic to the
Amended Counterclaims and the answer of CryptoLogic to the ATPC.

5

31.     As the allegations of paragraph 31 of the ATPC are directed solely against WagerLogic and CryptoLogic, WL Casino declines to respond to those allegations and respectfully refers the Court to the answer of WagerLogic to the Amended Counterclaims and the answer of CryptoLogic to the ATPC.

32.     As the allegations of paragraph 32 of the ATPC are directed solely against WagerLogic and CryptoLogic, WL Casino declines to respond to those allegations and respectfully refers the Court to the answer of WagerLogic to the Amended Counterclaims and the answer of CryptoLogic to the ATPC.

33.     Denies the allegations of paragraph 33 of the ATPC.

34.     Denies the allegations of paragraph 34 of the ATPC.

35.     Admits that on June 30, 2010, WagerLogic entered into an agreement with Gaming Portals Limited ("GPL"), hereinafter referred to as the "June 30 Agreement", refers the Court to the text of the June 30 Agreement for its terms, and otherwise denies  the allegations of paragraph 35 of the ATPC

36.     Admits that on June 30, 2010, WagerLogic entered into the June 30 Agreement, refers the Court to the text of the June 30 Agreement for its terms, and otherwise denies the allegations of paragraph 36 of the ATPC.

37.     Admits the allegations of paragraph 37 of the ATPC.

38.     Denies the allegations of paragraph 38 of the ATPC.

39.     Admits the allegations of paragraph 39 of the ATPC, and alleges that no written consent is required for any assignment, transfer, delegation and/or sublicense to any company owned or controlled by CryptoLogic.

6

40.     Admits that Paramount did not give written consent for an assignment, transfer, delegation and/or sublicense of its rights and obligations to GPL, and otherwise denies the allegations of paragraph 40 of the ATPC.

41.     Denies the allegations of paragraph 41 of the ATPC.

42.     Admits the allegations of paragraph 42 of the ATPC.

43.     Denies the allegations of paragraph 43 of the ATPC, and avers that CryptoLogic guaranteed the performance of its subsidiaries' performance under the Licensing Agreement.

44.     Admits that on July 1, 2010, GPL entered into an agreement with WL Casino, hereinafter referred to as the "July 1 Agreement", refers the Court to the text of the July 1 Agreement for its terms, and otherwise denies the allegations of paragraph 44 of the ATPC.

45.     Admits that on July 1, 2010, WL Casino entered into the July 1 Agreement, refers the Court to the text of the July 1 Agreement for its terms, and otherwise denies the allegations of paragraph 45 of the ATPC.

46.     Admits that on July 1, 2010, WL Casino entered into the July 1 Agreement, refers the Court to the text of the July 1 Agreement for its terms, and otherwise denies the allegations of paragraph 46 of the ATPC.

47.     Admits that on July 1, 2010, WL Casino entered into the July 1 Agreement, refers the Court to the text of the July 1 Agreement for its terms, and otherwise denies the allegations of paragraph 47 of the ATPC

48.     Denies the allegations of paragraph 48 of the ATPC.

49.     Denies the allegations of paragraph 49 of the ATPC.

7

50.     Admits the allegations of paragraph 50 of the ATPC, and alleges that no written consent is required for any assignment, transfer, delegation and/or sublicensing to any company owned or controlled by CryptoLogic.

51.     Admits that Paramount did not give written consent for an assignment, transfer, delegation and/or sublicense of its rights and obligations to WL Casino, and otherwise denies the allegations of paragraph 51 of the ATPC.

52.     Denies the allegations of paragraph 52 of the ATPC.

53.     Admits the allegations of paragraph 53 of the ATPC.

54.     Denies the allegations of paragraph 54 of the ATPC.

55.     As the allegations of paragraph 55 of the ATPC are directed solely against WagerLogic and CryptoLogic, WL Casino declines to respond to those allegations and respectfully refers the Court to the answer of WagerLogic to the Amended Counterclaims and the answer of CryptoLogic to the ATPC.

56.     As the allegations of paragraph 56 of the ATPC are directed solely against WagerLogic, WL Casino declines to respond to those allegations and respectfully refers the Court to the answer of WagerLogic to the Amended Counterclaims.

57.     As the allegations of paragraph 57 of the ATPC are directed solely against WagerLogic, WL Casino declines to respond to those allegations and respectfully refers the Court to the answer of WagerLogic to the Amended Counterclaims.

58.     As the allegations of paragraph 58 of the ATPC are directed solely against WagerLogic and CryptoLogic, WL Casino declines to respond to those

8

allegations and respectfully refers the Court to the answer of WagerLogic to the Amended Counterclaims and the answer of CryptoLogic to the ATPC.

59.   Admits the allegations of paragraph 59 of the ATPC.

60.   As the allegations of paragraph 60 of the ATPC are directed solely against WagerLogic, WL Casino declines to respond to those allegations and respectfully refers the Court to the answer of WagerLogic to the Amended Counterclaims.

61.   As the allegations of paragraph 61 of the ATPC are directed solely against WagerLogic and CryptoLogic, WL Casino declines to respond to those allegations and respectfully refers the Court to the answer of WagerLogic to the Amended Counterclaims and the answer of CryptoLogic to the ATPC.

62.   As the allegations of paragraph 62 of the ATPC are directed solely against WagerLogic and CryptoLogic, WL Casino declines to respond to those allegations and respectfully refers the Court to the answer of WagerLogic to the Amended Counterclaims and the answer of CryptoLogic to the ATPC.

63.   As the allegations of paragraph 63 of the ATPC are directed solely against WagerLogic and CryptoLogic, WL Casino declines to respond to those allegations and respectfully refers the Court to the answer of WagerLogic to the Amended Counterclaims and the answer of CryptoLogic to the ATPC.

64.   As the allegations of paragraph 64 of the ATPC are directed solely against WagerLogic, WL Casino declines to respond to those allegations and respectfully refers the Court to the answer of WagerLogic to the Amended Counterclaims.

9

65.     As the allegations of paragraph 65 of the ATPC are directed solely against WagerLogic and CryptoLogic, WLCasino declines to respond to those allegations and respectfully refers the Court to the answer of WagerLogic to the Amended Counterclaims and the answer of CryptoLogic to the ATPC.

66.     As the allegations of paragraph 66 of the ATPC are directed solely against WagerLogic, WL Casino declines to respond to those allegations and respectfully refers the Court to the answer of WagerLogic to the Amended Counterclaims.

67.     As the allegations of paragraph 67 of the ATPC are directed solely against WagerLogic, WL Casino declines to respond to those allegations and respectfully refers the Court to the answer of WagerLogic to the Amended Counterclaims.

68.     As the allegations of paragraph 68 of the ATPC are directed solely against WagerLogic and CryptoLogic, WL Casino declines to respond to those allegations and respectfully refers the Court to the answer of WagerLogic to the Amended Counterclaims and the answer of CryptoLogic to the ATPC.

69.     As the allegations of paragraph 69 of the ATPC are directed solely against WagerLogic and CryptoLogic, WL Casino declines to respond to those allegations and respectfully refers the Court to the answer of WagerLogic to the Amended Counterclaims and the answer of CryptoLogic to the ATPC.

70.     As the allegations of paragraph 70 of the ATPC are directed solely against WagerLogic and CryptoLogic, WL Casino declines to respond to those

10

allegations and respectfully refers the Court to the answer of WagerLogic to the Amended Counterclaims and the answer of CryptoLogic to the ATPC.

71.    As the allegations of paragraph 71 of the ATPC are directed solely against WagerLogic and CryptoLogic, WL Casino declines to respond to those allegations and respectfully refers the Court to the answer of WagerLogic to the Amended Counterclaims and the answer of CryptoLogic to the ATPC.

72.    As the allegations of paragraph 72 of the ATPC are directed solely against WagerLogic and CryptoLogic, WL Casino declines to respond to those allegations and respectfully refers the Court to the answer of WagerLogic to the Amended Counterclaims and the answer of CryptoLogic to the ATPC.

73.    As the allegations of paragraph 73 of the ATPC are directed solely against WagerLogic and CryptoLogic, WL Casino declines to respond to those allegations and respectfully refers the Court to the answer of WagerLogic to the Amended Counterclaims and the answer of CryptoLogic to the ATPC.

74.    As the allegations of paragraph 74 of the ATPC are directed solely against WagerLogic and CryptoLogic, WL Casino declines to respond to those allegations and respectfully refers the Court to the answer of WagerLogic to the Amended Counterclaims and the answer of CryptoLogic to the ATPC.

75.    As the allegations of paragraph 75 of the ATPC are directed solely against WagerLogic and CryptoLogic, WL Casino declines to respond to those allegations and respectfully refers the Court to the answer of WagerLogic to the Amended Counterclaims and the answer of CryptoLogic to the ATPC.

76.     As the allegations of paragraph 76 of the ATPC are directed solely against WagerLogic and CryptoLogic, WL Casino declines to respond to those allegations and respectfully refers the Court to the answer of WagerLogic to the Amended Counterclaims and the answer of CryptoLogic to the ATPC.

77.     As the allegations of paragraph 77 of the ATPC are directed solely against WagerLogic and CryptoLogic, WL Casino declines to respond to those allegations and respectfully refers the Court to the answer of WagerLogic to the Amended Counterclaims and the answer of CryptoLogic to the ATPC.

78.     As the allegations of paragraph 78 of the ATPC are directed solely against WagerLogic and CryptoLogic, WL Casino declines to respond to those allegations and respectfully refers the Court to the answer of WagerLogic to the Amended Counterclaims and the answer of CryptoLogic to the .

79.     Admits that three Licensed Games themed to Paramount Motion Picture Properties continue to be distributed on the internet and denies the remaining allegations of paragraph 79 of the ATPC.

80.     As the allegations of paragraph 80 of the ATPC are directed solely against WagerLogic, GPL declines to respond to those allegations and respectfully refers the Court to the answer of WagerLogic to the Amended CounterclaimsDenies the allegations of paragraph 80 of the TPC.

81.     Admits that on February 24, 2011, WagerLogic, using an account maintained in the name of its sister company GPL, caused $500,000 to be sent to Paramount, which funds were received by Paramount February 25, 2011, and otherwise denies the allegations of paragraph 81 of the ATPC.

12

82.     As the allegations of paragraph 82 of the ATPC are directed solely against WagerLogic, WL Casino declines to respond to those allegations and respectfully refers the Court to the answer of WagerLogic to the Amended Counterclaims.

83.     As the allegations of paragraph 83 of the ATPC are directed solely against WagerLogic, WL Casino declines to respond to those allegations and respectfully refers the Court to the answer of WagerLogic to the Amended Counterclaims.

84.     As the allegations of paragraph 84 of the ATPC are directed solely against WagerLogic, WL Casino declines to respond to those allegations and respectfully refers the Court to the answer of WagerLogic to the Amended Counterclaims.

85.     As the allegations of paragraph 85 of the ATPC are directed solely against WagerLogic, WL Casino declines to respond to those allegations and respectfully refers the Court to the answer of WagerLogic to the Amended Counterclaims.

86.     As the allegations of paragraph 86 of the ATPC are directed solely against WagerLogic, WL Casino declines to respond to those allegations and respectfully refers the Court to the answer of WagerLogic to the Amended Counterclaims.

87.     Denies the allegations of paragraph 87 of the ATPC.

13

88.     As the allegations of paragraph 88 of the ATPC are directed solely against CryptoLogic, WL Casino declines to respond to those allegations and respectfully refers the Court to the answer of CryptoLogic to the ATPC.

89.     As the allegations of paragraph 89 of the ATPC are directed solely against CryptoLogic, WL Casino declines to respond to those allegations and respectfully refers the Court to the answer of CryptoLogic to the ATPC.

90.     As the allegations of paragraph 90 of the ATPC are directed solely against WagerLogic, WL Casino declines to respond to those allegations and respectfully refers the Court to the answer of WagerLogic to the Amended Counterclaims.

91.     As the allegations of paragraph 91 of the ATPC are directed solely against WagerLogic, WL Casino declines to respond to those allegations and respectfully refers the Court to the answer of WagerLogic to the Amended Counterclaims.

92.     As the allegations of paragraph 92 of the ATPC are directed solely against CryptoLogic, WL Casino declines to respond to those allegations and respectfully refers the Court to the answer of CryptoLogic to the ATPC.

93.     As the allegations of paragraph 93 of the ATPC are directed solely against WagerLogic and CryptoLogic, WL Casino declines to respond to those allegations and respectfully refers the Court to the answer of WagerLogic to the Amended Counterclaims and the answer of CryptoLogic to the ATPC.

94.     As the allegations of paragraph 94 of the ATPC are directed solely against CryptoLogic, WL Casino declines to respond to those allegations and

14

respectfully refers the Court to the answer of WagerLogic to the Amended

Counterclaims and the answer of CryptoLogic to the ATPC.

      95.     Denies the allegations of paragraph 95 of the ATPC

      96.     Denies knowledge or information sufficient to admit or deny the

allegations of paragraph 96 of the ATPC.

      97.     Denies knowledge or information sufficient to admit or deny the

allegations of paragraph 97 of the ATPC.

      98.     Denies knowledge or information sufficient to admit or deny the

allegations of paragraph 96 of the ATPC

      99.     Admits the allegations of paragraph 99 of the ATPC..

      100.   Denies knowledge or information sufficient to admit or deny the

allegations of paragraph 96 of the

      101.   As the allegations of paragraph 101 of the ATPC are directed solely

against CryptoLogic and Amaya, WL Casino declines to respond to those allegations

and respectfully refers the Court to the answer of CryptoLogic to the ATPC.

      102.   As the allegations of paragraph 102 of the ATPC are directed

solely against WagerLogic, CryptoLogic, and Amaya, WL Casino declines to respond to

those allegations and respectfully refers the Court to the answer of WagerLogic to the

Amended Counterclaims and the answer of CryptoLogic to the ATPC.

      103.   As the allegations of paragraph 103 of the ATPC are directed solely

against CryptoLogic WL Casino declines to respond to those allegations and

respectfully refers the Court to the answer of CryptoLogic to the ATPC.

      104.   Denies the allegations of paragraphs 104 of the ATPC.

15

105.   Denies the allegations of paragraph 105 of the ATPC.

106.   Denies the allegations of paragraphs 106 of the ATPC.

107.   Denies knowledge or information sufficient to admit or deny the allegations of paragraph 107 of the ATPC.

108.   Denies knowledge or information sufficient to admit or deny the allegations of paragraph 108 of the ATPC.

109.   Denies knowledge or information sufficient to admit or deny the allegations of paragraph 109 of the ATPC.

110.   Denies knowledge or information sufficient to admit or deny the allegations of paragraph 110 of the ATPC.

111.   Denies knowledge or information sufficient to admit or deny the allegations of paragraph 111 of the ATPC.

112.   Denies knowledge or information sufficient to admit or deny the allegations of paragraph 112 of the ATPC.

113.   Denies knowledge or information sufficient to admit or deny the allegations of paragraph 113 of the ATPC.

114.   Denies knowledge or information sufficient to admit or deny the allegations of paragraph 114 of the ATPC.

115.   Denies knowledge or information sufficient to admit or deny the allegations of paragraph 115 of the ATPC.

116.   Denies knowledge or information sufficient to admit or deny the allegations of paragraph 116 of the ATPC.

16

117.   Denies knowledge or information sufficient to admit or deny the allegations of paragraph 117 of the ATPC.

118.   Denies knowledge or information sufficient to admit or deny the allegations of paragraph 118 of the ATPC.

119.   Denies the allegations of paragraphs 119 of the ATPC.

120.   As the allegations of paragraphs 120 - 140 of the ATPC are directed solely against plaintiff WagerLogic, WL Casino declines to respond to those allegations and respectfully refers the Court to the answer of plaintiff WagerLogic regarding the allegations of these paragraphs.

141.   WL Casino repeats and realleges the foregoing admissions and denials as if fully restated herein.

142.   Denies the allegations of paragraph 142 of the ATPC.

143.   Admits that the License Agreement is in full force and effect, and that the Licensed Games continue to be publicly distributed on the internet, and otherwise denies the allegations of paragraph 143 of the ATPC.

144.   Denies the allegations of paragraph 144 of the ATPC.

145.   Denies knowledge or information sufficient to admit or deny the allegations of paragraph 145 of the ATPC.

146.   As the allegations of paragraphs 146 of the ATPC are directed solely against plaintiff WagerLogic, WL Casino declines to respond to those allegations and respectfully refers the Court to the answer of plaintiff WagerLogic

147.   Admits that this controversy is of a substantial nature, and otherwise denies the allegations of paragraph 147 of the ATPC.

17

148.   As the allegations of paragraphs 148 of the ATPC are directed solely against plaintiff WagerLogic, WL Casino declines to respond to those allegations and respectfully refers the Court to the answer of plaintiff WagerLogic

149.   Admits that Paramount seeks a declaratory judgment as stated in paragraph 149 of the ATPC, and otherwise denies the allegations of this paragraph.

150.   WL Casino repeats and realleges the foregoing admissions and denials as if fully restated herein.

151.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 151 of the ATPC.

152.   Denies the allegations of paragraph 152 of the ATPC.

153.   Admits that Licensed Games continue to be publicly distributed on the internet, and otherwise denies the allegations of paragraph 153 of the ATPC.

154.   Admits that Licensed Games continue to be publicly distributed on the internet, and otherwise denies the remaining allegations of paragraph 154 of the ATPC.

155.   Admits that GPL, WL Casino and Amaya were not named parties to the License Agreement, and otherwise denies the allegations of paragraph 155 of the ATPC

156.   Denies the allegations of paragraph 156 of the ATPC.

157.   Denies the allegations of paragraph 157 of the ATPC.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

158.   This Court lacks personal jurisdiction over WL Casino.

## Second Affirmative Defense

159.    Paramount alleges that WL Casino violated section 18.1 of the Licensing Agreement by participating in a series of ministerial modifications in the business activities of the CryptoLogic group of companies in the summer of 2010, allegedly including the purchase by GPL of certain assets including computer games and related software from WagerLogic,  the sale of certain of its assets including computer games and related software to WL Casino, and the entering into of various agreements with third-party casino operators.

160.    The actual modifications are set forth in paragraphs 66 – 73 of the Amended and Supplemental Complaint of WagerLogic, filed May 29, 2012.

161.    Paramount's claim of termination based on said alleged violation of section 18.1 of the Agreement was directly contrary to the course of conduct of the parties, as evidenced by various communications, including e-mails and Paramount's Notice of Termination which demonstrate that Paramount knew of, acquiesced in, and approved of performance under the License Agreement by CryptoLogic and/or entities controlled by CryptoLogic, including GPL.  This claim of termination, moreover, was untimely, and was made only after the complaint herein was filed and more than one year after Paramount admits that it received information of an alleged transfer of rights and obligations to GPL.  Thus, Paramount's claims are barred, in whole or in part, by the doctrines of estoppel, waiver, and laches.

## Third Affirmative Defense

162.    To the extent any activities alleged by Paramount are subject to the provisions of Section 18.1 of the License Agreement, that Section does not preclude or

19

prevent assignment, delegation or transfer of rights and obligations under the
Agreement to Cryptologic or to entities controlled entirely by Cryptologic.

163.   As alleged by Paramount, Cryptologic proposed that the formal
licensee entering into the Agreement be one of its subsidiaries, which Paramount
agreed to on condition that performance be guaranteed by Cryptologic, without which
Paramount allegedly would not have entered into the License Agreement. Cryptologic
continues to guarantee performance of the Agreement.

## Fourth Affirmative Defense

164.   Paramount's claims against WL Casino are barred because its own
acts and omissions caused the alleged injury and damages complained of in the ATPC.

## Fifth Affirmative Defense

165.   Paramount's claims against WL Casino, to the extent if any that
such claims arise out of Paramount's claimed terminations of the Agreement, are barred
by the doctrine of ratification.

## Sixth Affirmative Defense

166.   Paramount fails to state a cause of action for money damages
against WL Casino because it has been paid in full to date under the Agreement, and
since all the obligations of the licensee required under the Agreement have been
performed Paramount has suffered no monetary loss.

## Seventh Affirmative Defense

167.   Paramount alleges that the willful public distribution of Licensed
Games on the internet themed to Paramount's copyrighted Motion Picture Properties
constitutes copyright infringement by WL Casino.

20

168.    To extent, if any, that Paramount claims United States copyrights in the Motion Picture Properties, the distribution of any copyrighted material occurred when Licensed Games were placed on servers that can only be accessed for internet wagering purposes outside of the United States.

169.    Such alleged distribution is not actionable in the courts of the United States.

### Eighth Affirmative Defense

170.    On information and belief, the actions which are alleged to constitute copyright infringement by WL Casino do not violate any foreign copyrights possessed by Paramount in the Motion Picture Properties, and to the extent if any that Paramount possesses foreign copyrights in the Motion Picture Properties, alleged violations of such copyrights are not actionable in the courts of the United States.

**WHEREFORE**, WL Casino demands that the claims stated in the A TPC be dismissed, that the court award costs, fees and disbursements in favor of WL Casino, and such other and further relief as the Court deems just and proper:

Dated:    July 11, 2012

By: _____
        Lawrence Kill (LK 2685)
        Jeffrey E. Glen(JG8277)

        Anderson Kill & Olick, P.C.
        1251 Avenue of the Americas
        New York, NY  10020
        Telephone:  212-278-1000

        Attorneys for Third-party Defendant
        WagerLogic Casino Software Limited

21