UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

WAGERLOGIC LIMITED,                                                  :

                   Plaintiff and Counter-Defendant,       :   Civil Action No. 11 CV 4310

      - against -                                                      :
                                                        **REPLY OF**
PARAMOUNT DIGITAL                                                    :   **PARAMOUNT**
ENTERTAINMENT, a division of                                             **DIGITAL**
PARAMOUNT PICTURES CORPORATION,                                      :   **ENTERTAINMENT TO**
                                                            **CRYPTOLOGIC**
                 Defendant and Counter-Plaintiff,        :   **LIMITED'S**
                                                             **COUNTERCLAIM**

      - against -                                                      :

CRYPTOLOGIC LIMITED,                                                 :
GAMING PORTALS LIMITED, WAGERLOGIC CASINO
SOFTWARE LIMITED and AMAYA GAMING GROUP                              :
INC.,
                                                               :

                   Third-Party Defendants.
                                                             x

-------------------------------------------------------------------

## REPLY

      Defendant Paramount Digital Entertainment, a division of Paramount Pictures Corporation ("Paramount," "Defendant" or "Counter-Plaintiff"), for its Reply to the Counterclaim ("Counterclaim") interposed against it by Third-Party Defendant Cryptologic ("Cryptologic," and "Third-Party Defendant"), states as follows:

      1.   Paramount denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 180 of the Counterclaim.

      2.   Paramount denies the allegations contained in paragraph 181 of the Counterclaim.

3. Paramount denies the allegations contained in paragraph 182 of the Counterclaim.

4. Paramount denies the allegations contained in paragraph 183 of the Counterclaim.

5. Paramount denies the allegations contained in paragraph 184 of the Counterclaim.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

6. Cryptologic's Counterclaim fails to state a cause of action or claim upon which relief can be granted.

### Second Affirmative Defense

7. Cryptologic's Counterclaim is barred, in whole or in part, by the doctrines of estoppel, waiver, laches, ratification, repudiation and unjust enrichment.

### Third Affirmative Defense

8. Cryptologic's Counterclaim is barred, in whole or in part, by Cryptologic's unclean hands, including its conversion of Paramount's intellectual property.

### Fourth Affirmative Defense

9. The Counterclaim fails to state a cause of action or claim upon which an award of damages, attorneys' fees, costs or other disbursements and/or relief can be granted.

### Fifth Affirmative Defense

10. Cryptologic's Counterclaim is barred, in whole or in part, because Plaintiff lacks standing to bring one or more of the claims and/or are not the real parties in interest.

### Sixth Affirmative Defense

11. Cryptologic's Counterclaim is barred because its own acts or omissions caused the alleged injury and damages complained of in this lawsuit.

### Seventh Affirmative Defense

12. Cryptologic's Counterclaim is barred because acts or omissions of third parties caused the alleged injury and damages complained of in this lawsuit.

### Eighth Affirmative Defense

13. Cryptologic's Counterclaim for declaratory judgment is barred as a matter of law because Plaintiff has an adequate remedy at law and because it seeks an advisory opinion.

### Ninth Affirmative Defense

14. Cryptologic's Counterclaim is improperly pled, includes legal argument, legal conclusions and surplusage which should be struck.

### Tenth Affirmative Defense

15. Cryptologic's Counterclaim for injunctive relief is barred by the language of the Merchandising License Agreement between WagerLogic Limited and Paramount Digital Entertainment effective December 15, 2008.

### Eleventh Affirmative Defense

16. The Court lacks subject matter jurisdiction over Cryptologic's Counterclaim.

## **Twelfth Affirmative Defense**

17. Paramount in all times acted in good faith.

New York, New York
July 25, 2012

                        GAGE SPENCER & FLEMING LLP

                        _____
                        G. Robert Gage, Jr.
                        grgage@gagespencer.com
                        Sara Jane Daugherty
                        sdaugherty@gagespencer.com
                        410 Park Avenue, Suite 900
                        New York, New York 10022
                        Telephone: (212) 768-4900
                        Facsimile: (212) 768-3629

                        *Attorneys for Paramount Digital Entertainment, a Division of Paramount Pictures Corporation*