# EXHIBIT 9

----- Original Message -----
From: Lieblein, Mark - Paramount <Mark_Lieblein@Paramount.com>
To: David Gavagan; John Loughrey
Cc: Letizia, Luke - Paramount <Luke_Letizia@Paramount.com>
Sent: Fri Mar 11 02:34:25 2011
Subject: RE: Merchandising License Agreement dated as of December 15, 2008, between Paramount Digital Entertainment ("Paramount") and WagerLogic Limited ("WagerLogic")

Hi John, David -- Thank you for your letter, the original of which arrived today.

PDE respectfully disagrees with the conclusions of your letter, as well as with Cryptologic's various assertions of law and fact. Having again reviewed applicable New York law, PDE is certain that Cryptologic breached the agreement by failing to pay the $500k due on December 1, 2010, and by failing to pay this sum within the cure period following notice. Even if Cryptologic believes that PDE failed to satisfy the formal notification requirements of the Agreement, actual notice will suffice under New York law; and PDE provided actual written notice by January 12, 2011, receipt of which Cryptologic acknowledged in writing the following day. Cryptologic's breach is thus quite clear. PDE remains equally certain that Cryptologic's $500k wire transfer -- received on February 25, 2011, more than 80 days late, and only made because PDE elected to terminate -- does not retroactively constitute a cure. PDE is fully confident that these same conclusions would be upheld in court. And PDE is similarly confident that any court would find that Cryptologic breached the Marketing Date provisions of the agreement as well.

Under the circumstances, PDE has every right to terminate the agreement, immediately relicense all of the underlying Pictures, and force Cryptologic to withdraw the games that it has already marketed. Nevertheless, PDE has chosen to act as a good business partner. PDE has offered Cryptologic an option in the Notice of Termination that would enable Cryptologic to recoup some or all of its investment in the Pictures by continuing to exploit certain rights. This option remains valid until the Termination Deadline, which remains in effect. As I previously wrote, if Cryptologic chooses to exercise the option, then PDE would apply the recent $500k payment against the $250k option fee, and return the remaining $250k to Cryptologic.

Please be advised, however, that PDE has reserved, and continues to reserve, all of its rights and remedies. If Cryptologic does not exercise the option by the Termination Deadline, then under the terms of the contract (which contains an acceleration clause) and under applicable law, PDE has every right to retain the $500k payment notwithstanding the termination. Of course, this is in addition to PDE's other termination-related rights, including the aforementioned rights to relicense all of the underling Pictures, and to force Cryptologic to withdraw the games that it has already marketed.

Best regards. Mark


Mark Lieblein

Senior Vice President, Business Affairs

Paramount Digital Entertainment

mark_lieblein@paramount.com

323.956.8902